LEWIS BROWN *vs.* WILMINGTON CITY RAILWAY COMPANY.

*Rights of Street Cars—Degree of Care Required in Crossing Tracks—Imputed Negligence—Contributory Negligence.*

1.  Within the lines of their tracks the right of the street railway company is superior to that of other users and must not be unnecessarily interferred with or obstructed. This is necessary for public convenience of the people, who are entitled to free and uninterrupted transit. As the cars are confined to the fixed lines of their tracks, others using the highway must stop, if need be, and turn out and keep out of the tracks in the presence of danger.

2.  Persons crossing street railway tracks are bound to the reasonable use of all their senses for the prevention of accident.

3.  It is the duty of a street car company to provide competent and careful motormen and servants; to see that they use reasonable care in operating the cars; that the cars move at a reasonable rate of speed, and that they slow up or stop if need be, where danger is imminent.

4.  The negligence of the servant driving his master's team is the negligence of the master.

5.  When the negligence of the plaintiff contribntes to and enters into the accident at the time of the injury, it is contributory negligence, and the law will not attempt to measure the proportion of negligence attributable to each party.

6.  Measure of damages stated.

*(June 2, 1898.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Lilburne Chandler* for plaintiff.

*Willard Saulsbury* and *James Ponder* for defendant.

Superior Court, New Castle County, May Term, 1898.

ACTION ON THE CASE (No. 69, Sept. term, 1897), to recover compensation for injuries to plaintiff's horse, harness and furniture car, and losses and expenses incident thereto—see facts in charge of Court.

The defentant prayed the Court to instruct the jury, in part, as follows :

As the plaintiff approached the crossing he was bound to stop and look or listen, if his view was obstructed, and thereby satisfy himself that he would not collide with a car in crossing the tracks ; and if he failed to stop sufficiently to look or listen, he cannot recover, for he himself was guilty of negligence producing the injury.

*Lynam and wife vs. P., W. & B. R. R. Co., 4 Houst., 583 ; Ehrisman vs. Railway Company, 150 Pa., 180 ; Central Pass. Ry. Co. vs. Chatterson, 14 Ky. L. R., 663; Christenson vs. Union Ry., 32 Pac. R., 1018; Hickman vs. Union Depot Co., 47 Mo., App,, 65; Wood vs. Detroit St. Ry. Co., 52 Mich., 402; McGee vs. Railway Co., 102 Mich., 107; Blakslee vs. Railway Co., 5 Am. E. C., 490; Boerth vs. West Side Ry. Co., 87 Wis., 288; Carson vs. Federal St. Ry., 147 Pa. State, 219 ; Blaney vs. Electric Traction Co. (certified copy of opinion of Court, February 7, 1898); Whelshan vs. Phila. Trac. Co., 150 Pa. State, 187 ; Maxwell vs. Wil. City Ry. Co., 1 Hardesty, 140 ; Higgins vs. Wil. City Ry. Co., 2 Hardesty, 90; Sec. 10, Vol. 12, Del. Laws, 432.*

If the plaintiff did stop before going upon the tracks and saw the car coming, or heard it coming, and mistakenly thought he had time to get across, but miscalculating the distance or speed of the car, failed to get across and was struck, he cannot have a verdict, for the accident was due to his own miscalculation and he took his chances of the accident's occurring.

*Patton vs. Phila. Trac. Co., 132 Pa. State, 76; Balton vs. Baxter, 54 N. Y., 245; Claney vs. Ry. Co., 88 Hun., 496.*

LORE, C. J., charging the jury :

Gentlemen of the jury :—This is an action on the case to recover compensation for injuries to the plaintiff's horse, harness and furniture car, and losses and expenses incident thereto.

The plaintiff claims that on the thirty-first day of July, 1897, his horse, which was harnessed to a furniture car, in care of and driven by his son, Walter Brown, while slowly and carefully passing from the foot of King street, westwardly into Front street in this city, was run into by defendant's electric Riverview car No. 117. That thereby the horse was thrown down

and pushed some ten feet over the city pavement and much injured ; that the harness and furniture car were broken up and rendered practically useless. The plaintiff claims that at the time of the accident, his son was exercising all due care. He charges that the motorman on the electric car was not looking at his work, but back at the conductor, and was otherwise negligent and reckless. That the car was running at a high rate of speed, that the motorman saw, or by reasonable care could have seen the plaintiff's horse and wagon in time to have stopped the car if he had seen fit to do so. That the collision and the injuries resulting therefrom were caused solely by the negligence of the defendant.

The defendant, on the other hand, claims that at the time of the accident the said Walter Brown drove rapidly and carelessly down King street and around and into Front street, and carelessly ran into the side of the car, when the car had practically come to a stop at the time of the collision. That the injuries complained of resulted entirely from the negligence of the said Walter Brown. That the plaintiff's son, without looking, listening or stopping, drove rapidly into Front street—which is twenty-five feet wide from curb to curb, and has two tracks of the City Electric Railway Company on its bed, which are generally known as the north-bound and the south-bound tracks—whereas if he had simply looked, he could have seen the approaching electric car and stopped the wagon in time to have avoided the accident. You will remember the evidence in all its details bearing upon these two contentions. You are to be governed exclusively in reaching your verdict by your recollection of that evidence, and in nowise are to be controlled by what I may have said to you in respect thereto in stating the case.

Your province is to ascertain, whether the injuries complained of were or were not caused by the negligence of the defendant. The plaintiff's right to recover is founded upon the negligence of the defendant, and the burden is upon the plaintiff to show such negligence to your satisfaction, by a preponderance of the evidence, or he cannot recover.

King and Front streets in this city are public highways. The defendant company have a right to use Front street for the

operation of their electric railway, in common with other travelers and persons, who may see fit to use it, on foot, on horseback, in vehicles drawn by horses or otherwise. The public were entitled to use every part of the street. The electric cars of necessity could use only those parts of it covered by their tracks; inasmuch as such cars move only upon their tracks within fixed lines. Within those lines the right of the company is superior to that of other users, and must not be unnecessarily interferred with or obstructed. Such unobstructed use is daily becoming more and more a necessity, in meeting the needs of rapid transit and public convenience in large and growing cities.

In using these highways, all persons are bound to the exercise of reasonable care, to prevent collisions and accidents. Such care must be in proportion to the danger of the peculiar risks in each case.

It is the duty of the company to provide competent and careful motormen and servants ; to see that they use reasonable care in operating the cars ; that the cars move at a reasonable rate of speed, and that they slow up or stop if need be, where danger is imminent. There is a like duty of exercising reasonable care on the part of people, who may otherwise use such highway, to stop, and, if need be, to turn out and keep out of the tracks of the cars in the presence of danger, especially as they are free to move at pleasure, and can use every part of the highway, while the cars can move only on their fixed tracks. The many people who use electric cars for business and other purposes, are entitled to free and uninterrupted transit in and about our city.

We are not prepared to lay down in this case, any absolute rule, as to what precise acts of precaution are necessary to be done or left undone, by persons who may have need to cross electric city railways. Such acts necessarily must depend upon the circumstances of each particular case. The degree of care differs in different cases. Greater care is necessary in crossing a road where the cars run at a high rate of speed and close together than where they run at less speed and remote from each other. In like manner where the view at the crossing is obstructed or in a neighborhood where there is much noise and confusion, greater

care is necessary than in places where the view is unobstructed and with quiet surroundings. In like manner a railway is held to greater caution in the more thronged streets of the densely populated portions of the city than in the less obstructed streets in the open or suburban parts. From these illustrations, manifestly the care to be used depends largely upon the circumstances of each case. It would therefore be difficult, if not dangerous, to lay down any inflexible rules.

The general rule upon this subject is, that persons so crossing a street railway track are bound to the reasonable use of all their senses for the prevention of accident, and also to the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise in like circumstances. This rule is plain and well settled ; and is to govern you in the determination of this case.

The rule of the highways requiring drivers of public or private vehicles to turn to the right when they meet, does not apply to this case ; nor does the case, in our judgment, involve the law of remote and proximate cause.

Taking the rule, therefore, as we have above laid it down, it is for you now to determine whose negligence it was that caused the accident.

If it was the negligence of the boy who drove the plaintiff's horse and car only, your verdict should be for the defendant. The negligence of the boy in that case would be the negligence of the plaintiff, whose servant or agent he was in the management of the horse and wagon.

Again; even though the defendant company may have been negligent on its part, yet if the negligence of the boy contributed to and entered into the accident at the time of the injury, your verdict should be for the defendant, as the plaintiff in that case would be guilty of contributory negligence. Where there is contributory negligence the law will not attempt to measure the proportion of blame or negligence to be attributed to each party.

If on the other hand, you believe that the accident resulted from the negligence of the defendant company only, then your verdict should be for the plaintiff.

If your verdict should be for the plaintiff, you should assess his damages at such sum as will reasonably compensate him for the actual injuries to his horse, harness and furniture car ; which may include the loss of the use of the horse and wagon and expenses in doctoring the horse, according to the proof in this case.

We do not consider that the law of exemplary or punitive damages is applicable to this case.

Verdict for defendant.