WILLIAM R. GARRETT *vs.* PEOPLES RAILWAY COMPANY, a corporation existing under the laws of the State of Delaware.

*Personal Injuries—Negligence—Railway Company—Care required in running Car or Automobile—Statute respecting the running of Automobiles—Conflicting Evidence— Damages.*

1. There can be no inflexible rule as to what specific acts of precaution are necessary to be done or omitted by street railway companies in the management of their cars, or by the public in the use of the streets. What is due and proper care depends upon the facts and circumstances of each case.

2. The person in charge of the car should not approach a crossing where a large number of persons and vehicles are usually found without giving due and timely warning; and he should so regulate the speed of his car as to have it under control, and, if he sees a person in imminent danger, should use every reasonable effort to stop or slow up. This does not mean that a motorman must stop or slacken the speed of his car every time a person is seen to approach the crossing with apparent intent to cross the track. He may very properly assume that the traveller, if far enough away to cross safely, will continue his movements and cross in front of the car, or if not far enough away, and if warned of the approach of the car, that he will stop and let the car pass first.

3. The person in charge of an automobile would be guilty of negligence if he is unfamiliar with the safety appliances thereof, or being familiar does not use them to prevent collision; or if he drives the machine at a greater rate of speed than one mile in seven minutes through a built up portion of a city, etc.

4. Conflicting evidence.—Damages.

(*March* 13, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Leonard E. Wales* and *Herbert H. Ward* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, February Term, 1906.

ACTION ON THE CASE (No. 136, September Term, 1905) to recover damages for personal injuries to plaintiff and for injury to his automobile alleged to have been occasioned by the negligence of the defendant.

The facts appear in the charge of the Court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by William R. Garrett, the plaintiff, against the Peoples Railway Company, the defendant, to recover damages for personal injuries to the plaintiff and for injury to his automobile, alleged to have been occasioned by the negligence of the defendant company.

We decline to give you binding instructions to find for the defendant.

The uncontroverted testimony is that on the twenty-first day of May, A. D. 1905, the plaintiff, in company with his brother-in-law, was driving his automobile easterly on Eleventh Street, and that an electric car of the defendant company was going southerly on Orange Street, when a collision occurred between the car and the automobile on Orange Street a few feet south of Eleventh Street, and being near the southwest corner of said streets.

The plaintiff claims that he was driving his automobile with due care and caution, and at a low speed along Eleventh Street as he was approaching Orange Street, and that the collision from which he sustained the injuries complained of was occasioned solely by the negligence of the motorman in charge of the car, which the plaintiff alleges was running at a high and dangerous speed, without due and timely notice or warning of its approach by bell, gong or otherwise, as it came into his view on Eleventh Street, and without proper effort and due diligence to slacken the speed of the car, or bring it to a standstill after he had discovered or should have discovered the presence of the automobile in which the plaintiff was travelling in close proximity to the tracks of the defendant company. And the plaintiff also claims that the car of the defendant company was operated by an incompetent and unskilled motorman.

The defendant claims that the car made its approach to and was running across Eleventh Street at a moderate and proper speed; that due and timely warning of its approach was given by ringing its bell or gong; that the motorman was competent and skilled for the service in which he was engaged; that he exercised due and proper care to avoid a collision with the automobile as soon as he in the exercise of due diligence dis-

covered it approaching the tracks of the defendant company; that neither the collision nor the injury complained of was caused by the negligence of the defendant through its motorman in charge of the car, but was caused solely by the negligence of the plaintiff in not stopping or slackening the speed of his automobile, or in not turning in some other direction than into Orange Street in the direction in which the car was going. Whereby the defendant claims the collision occurred. And the defendant denies any and all liability for the injuries alleged to have resulted from the collision.

It is admitted that the defendant company was at the time of the accident and is now a corporation as alleged in the declaration, and that it was operating the car in question on its railway at the time and place of the accident.

The fact of an accident by which an injury is sustained does not, in itself, if not within the control of the persons charged with causing the accident, establish the fact that the injury was caused by negligence. And there can be no recovery in this case unless the injury to the plaintiff and to his property was occasioned by negligence and that of the defendant company.

Negligence is the failure to use such care as a reasonably prudent and careful person would exercise under similar circumstances.

Negligence on the part of the motorman in charge of the car in question would be the negligence of the defendant company.

Negligence is never presumed, but must be proved and the burden of proving it rests upon the party alleging it.

In this case you are to determine from all the evidence produced before you, considered in connection with the charge of the Court upon the law such as we deem to be applicable to the case, whether there was any negligence that caused the injuries complained of, and whose—whether it was the negligence of the defendant or of the plaintiff, or was the concurrent negligence of both. If the alleged injuries were the result of the negligence of the plaintiff solely, he cannot recover, or if he was, at the time of the accident, guilty of concurrent negligence, he

cannot. recover. But if the negligence of the defendant caused
the accident without the concurrent negligence on the part of
the plaintiff at the time thereof, the plaintiff will be entitled to
recover.

· Eleventh and Orange Streets are public streets of the City
of Wilmington. The defendant company has the right to use
Orange Street for the movement of its railway cars thereon, and
the public have the right to use both of the said streets for the
ordinary purposes of a public highway.

The right of each must be exercised with due regard to the
right of the other, and the right of each must be exercised in a
reasonable and careful manner so as not unreasonably to abridge
or interfere with the right of the other. In using the public
streets, street railway companies and the public are bound to
the exercise of reasonable care and caution to prevent collisions
and accidents. And an increase of care is required of both
where by reason of the surroundings there is an increase of dan-
ger. There is required of both at all times in the use of the pub-
lic streets that degree of care, including the use of their senses
of sight and hearing, which an ordinarily prudent man would
exercise under all the circumstances—the one being bound to
the exercise of such care in order to avoid inflicting injury, and
the other to a like degree of care to avoid being injured.

There can be no inflexible rule as to what specific acts of
precaution are proper and necessary to be done, or omitted, by
street railway companies in the management of their cars or by
the public in the use of the streets; for after all what is due and
proper care depends upon the facts and circumstances of each
case.

· Street railway companies are held to a greater degree of
care and caution in operating their cars on the more thronged
streets because of the increase of danger to the public than on
streets where the travel is slight or infrequent; and in approach-
ing the crossing of a street in general use by the public, where a
larger number of persons and vehicles are usually found cross-
ing the tracks than at other places, increased care is required
and should be exercised by the person in charge of the car to

avoid collisions with persons or vehicles which may be approaching or crossingt the tracks at the crossing. And he should not approach such crossing at a dangerous speed or without giving due and timely warning of his approach; he should so regulate the speed of his car as to have it under control and be on the lookout for persons, that they, being in the exercise of due care, may not be put in jeopardy; and if his view or the view of travellers on the street he is approaching, is obstructed by buildings, fences or otherwise, so as to prevent the one from seeing the other until perhaps dangerously near the crossing, his care and diligence should be increased in proportion to such conditions. And where he sees, or by the exercise of reasonable care might see, a person in imminent danger, he should use every reasonable effort—it may be to slow up, or stop, if need be—to prevent accident. We do not mean to say that a motorman must stop or slacken the speed of his car every time a person is seen to approach the crossing with apparent intent to cross the tracks of the company. He may very properly assume that the traveller, if far enough away to cross safely, will continue his movements and cross in front of the car, or if not far enough away, and if warned of the approach of the car, that he will stop and let the car pass first.

The motorman has a right to assume that a person under such circumstances will exercise ordinary care, under all the circumstances, until the contrary appears. There is a corresponding duty on the part of the traveller to exercise reasonable care, prudence, and diligence at railway crossings to prevent accident, and especially so if there be obstructions so as to affect his view of an approaching car. And a person in charge of an automobile or other vehicle approaching such crossing with which he is familiar, is bound to avail himself of his knowledge of the locality and the presence of danger, and to exercise that degree of caution which an ordinarily careful and prudent person would exercise under all the conditions. The traveller in his automobile or vehicle should not approach such crossing at a greater speed than is consistent with safety. He should have his team or automobile under control and be on the lookout for an ap-

proaching car so that he may, the servant of the car being in the exercise of due care, avoid collision with the car. And where he sees, or by the exercise of reasonable care might see an approaching car, he, as well as the servant of the car, should exercise reasonable care and diligence to avoid injury.

It is the duty of street railway companies to have their cars operated by competent and careful servants.

The law governing the use of public streets by automobiles is the same as that governing the use of such streets by carriages or other ordinary vehicles. And their use upon the public streets and the speed at which they may be driven should, as we have already indicated, be consistent with safety.

*Sec.* 4, *Chap.* 123, *Vol.* 23, *Laws of Delaware*, requires, among other things, "that every motor vehicle shall be provided with a good and efficient brake or brakes, and shall also be provided with suitable bell, horn, or other signal device," and it is the duty of every driver of such vehicle to be reasonably familiar with the use of such safety appliances and to use and apply them if need be, in the exercise of reasonable diligence, to avoid accident. Section 5 of the said Act provides: "The following rates of speed may be maintained, but shall not be exceeded upon any public street, etc., or by anyone driving a motor vehicle." Paragraph *b.* of said section provides that "A speed of one mile in seven minutes when such street or highway passes through the built-up portion of a city, town, borough or village where the houses are and average less than one hundred feet apart."

If you find that the plaintiff was unfamiliar with the safety appliances and by reason thereof was unable to use them or being familiar with them he failed to use in a reasonable and prudent manner the brakes of his automobile to prevent a collision with the car, or that he was driving his automobile at a greater rate of speed than one mile in seven minutes, through a built-up portion of the City of Wilmington where the houses are and average less than one hundred feet apart, or if you find that as he approached the crossing at Orange Street, he saw, or by looking could have seen the approaching car in time, by the

exercise of reasonable diligence, to slacken the speed of, or to stop his automobile, before it collided with the car, and he failed to do so, he was guilty of negligence; and if such negligence entered into or contributed to the collision at the time of the injuries complained of, it would defeat his right to recover in this action.

If, however, the injuries to the plaintiff and his property were caused by the negligence of the defendant's servant, without negligence on the part of the plaintiff contributing thereto, your verdict should be for the plaintiff.

You are the exclusive judges of the testimony. And where the testimony is conflicting, you should reconcile it, if you can. If you cannot, you should give credit to the testimony of those witnesses, who under all the circumstances appear to you to be most entitled to credit, taking into consideration the opportunities and advantages of each for seeing, observing and knowing the things of which they testified, as well as the apparent fairness, intelligence and any other element which may fairly test the truthfulness and accuracy of each.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

If you find for the plaintiff, your verdict should be for such sum as will reasonably compensate him for the injuries to his person, resulting from the accident. In ascertaining that sum, you should take into consideration the plaintiff's pain and suffering, his loss of earning power, and power to perform labor as well in the past as in the future, his loss of time, his expenses for medicine and medical attendance, as a result of such injuries, and if such injuries are of a permanent character, such fact should be considered.

If you find for the plaintiff, you should, in addition to the damages found for the plaintiff's personal injuries, also ascertain and include in your verdict such sum as will compensate him for the damages, if any, to his automobile. In ascertaining such damages, you should award to the plaintiff the difference between the value of his automobile immediately before and its value immediately after the collision.

The jury disagreed.