CALVIN P. STIDHAM, JR., *vs.* THE MAYOR AND COMMISSIONERS OF
DELAWARE CITY.

*Injuries  to  Horse—Hole  in  Street  of  City—Negligence—Duty  of
City  and  of  Driver—Damages.*

1.   It is the duty of those having control of the streets of a town or
city to exercise due care in keeping them in a reasonably safe condition,
free from holes, pits, excavations or obstructions, so that they may be
safe for the traveler on foot or otherwise, who may use them in a lawful
and careful manner.

2.   While the city is not an insurer against all injuries which may
result from holes, or obstructions in the public streets, it is liable for such
injuries as are the result of its negligence or default, or the negligence or
default of its duly authorized agents, in the performance of a duty im-
posed upon it by law.

3.   In the absence of any knowledge to the contrary the traveler has
a right to assume  that the streets are in a reasonably safe condition, and
in such case he is not bound to look or search for holes or obstructions.  But
he must use due care, and not disregard any warning of danger.

4.   In order that the plaintiff may recover he must satisfy the jury
that his injuries were caused in the manner alleged in his declaration.

5.   Measure of damages.

(*June* 11, 1907.)

LORE, C, J., and GRUBB and PENNEWILL, J. J., sitting.

*George N. Davis* for plaintiff.

*Daniel O. Hastings* for defendant.

Superior Court, New Castle County, May Term, 1907.

ACTION ON THE CASE (No. 145, February Term, 1907), to
recover damages for injuries to plaintiff's horse alleged to have
been caused by stepping into an excavation in one of the streets of
Delaware City on the ninth of December, 1906.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This is an action brought by Calvin

P. Stidham, Jr., against the Mayor and Commissioners of Delaware City, a municipal corporation of this State, to recover damages for injuries to the plaintiff's horse alleged to have been caused by stepping or falling into a hole or excavation in Clinton Street in said town, on the ninth day of December, 1906.

The plaintiff claims that the defendant negligently and carelessly permitted said excavation or hole to be and remain in a dangerous and unsafe condition without any proper safeguards or warning to travelers, and that by reason thereof the said horse stepped or fell into the said excavation or hole, and was greatly injured and has continued so to be; that on account of said injury to his horse, the plaintiff has been deprived of his use and services, and has incurred expense in attempting to cure the horse and in buying another in the place of the one injured.

The defendant denies that it was guilty of any negligence that caused the injuries complained of, and claims that if the horse was injured at all it was on account of the negligence of the plaintiff himself, and not of the defendant. It also claims that if the horse was injured, it was not injured by stepping or falling in the hole or excavation, and that the plaintiff cannot, therefore, recover in this action; and further claims that the horse was not sound before the accident, as is alleged by the plaintiff, but on the contrary was, before that time, lame and sore.

It is admitted that the defendant had jurisdiction and control of the streets of the town of Delaware City at the time of the alleged accident, and that Clinton Street, whereon it is claimed the injury occurred, was one of the streets of said town, and therefore a public highway of the County.

The streets of a town or city are for the use of the public and for the public convenience. It is the duty of those having control of them to excercise due care and diligence in keeping them in a reasonably safe condition, free from holes, pits, excavations or obstructions, so that they may be safe for the traveler, on foot or otherwise, who may use them in a lawful and careful manner.

But the town or city is not an insurer against all injuries which may result from holes or obstructions in the public streets.

It is, however, liable for such injuries as are the result of its negligence or default, or the negligence or default of its duly authorized agents, in the performance of a duty imposed upon it by law.

In the absence of any knowledge to the contrary, the traveler has a right to assume that such streets are in a reasonably safe condition, and in such case he is not bound to look or search for, holes or obstructions.

It is nevertheless the duty of a person using such streets to employ his senses and excercise all reasonable care to avoid accident; and if at and immediately before the time of the accident, he has due and timely warning of danger, the defendant would not be liable for an injury sustained by reason of a disregard of such warning.

In order that the plaintiff may recover in this case it is necessary that you should be satisfied, not only that the injuries complained of were caused by the negligence of the defendant, and that the plaintiff was free from any negligence that contributed thereto, but also that the said injuries were caused or received in the manner alleged in the plaintiff's declaration. He must, therefore, have satisfied you that his horse was hurt by stepping or falling into a hole or excavation in the street as he has averred, for that is the injury upon which he bases his action, and he must recover for that or not at all.

The right of the plaintiff to recover is founded upon the negligence of the defendant. If there was no negligence upon the part of the defendant, there can be no recovery.

"Negligence is not presumed, and the burden of proving it is upon the party by whom it is alleged.

"Where the injury complained of is the result of the negligence of both parties, the plaintiff is held to be guilty of contributory negligence, and cannot recover, as the law will not in such case undertake to measure and balance the degree of responsibility attributable to each of the parties.

"In considering the question of negligence the jury should have regard to the particular conditions and circumstances attending the accident." * * * * *

"Where the evidence is conflicting the jury should reconcile it if they can, but if they cannot do so, they should give credence to so much of it as, in their opinion, is entitled to belief.

"The verdict should be for that party in whose favor is the preponderance or greater weight of evidence."

*Colbourn vs. Mayor and Council of Wilmington*, 4 *Pennewill* 446.

If your verdict should be for the plaintiff, you should assess his damages at such sum as will reasonably compensate him for the actual injuries to his horse, including therein the loss of the use of the horse, and expenses in attempting to cure him.

Verdict for plaintiff for $25.00.