MORGAN MILLWORK COMPANY *vs.* DOVER GARAGE COMPANY.

1. BAILMENT—LIABILITY OF BAILEE FOR SAFE-KEEPING.

When a contract of bailment arises by delivery of property to another to safely keep for hire, the bailee becomes liable for the safe-keeping of the property.

2. NEGLIGENCE—WHAT CONSTITUTES.

"Negligence" is the failure to use such care as a reasonably prudent and careful person would exercise under similar circumstances.

3. NEGLIGENCE—NEVER PRESUMED.

Negligence is never to be presumed, but must be proven.

4. NEGLIGENCE—BURDEN OF PROOF ON HIM WHO ALLEGES.

Ordinarily the burden of proof is upon him who alleges negligence relied on for recovery.

5. BAILMENT—ON INJURY TO BAILED CHATTEL, BURDEN OF PROOF TO SHOW WANT OF NEGLIGENCE ON BAILEE.

Where property is damaged or injured while in the exclusive custody of a bailee, or his agent or servant, the bailee has the burden of showing that the injury was not occasioned by his negligence or that of his servant or agent.

6. PRINCIPAL AND AGENT—LIABILITY OF BAILEE FOR NEGLIGENCE OF SERVANT OR AGENT.

The negligence of a servant or agent of a bailee of property for hire is imputable to the bailee.

7. LIVERY STABLE AND GARAGE KEEPERS—CARE OF PROPRIETOR IN DELIVERING AUTOMOBILE TO RIGHT PERSON.

A garage keeper is bound to exercise reasonable care to preserve from injury automobiles left by the owners at his garage for hire, such as a reasonable person would exercise in respect to his own property, and he is bound to see that the person to whom he delivers an automobile left with him for safe-keeping is the proper person to receive it.

8. LIVERY STABLE AND GARAGE KEEPERS—DELIVERY OF AUTOMOBILE ON ORDER OF OWNER.

The only surrender that a garage keeper can make of an automobile left with him for safe-keeping is on the order of the owner, express or reasonably implied.

9. DAMAGES—MEASURE FOR INJURY TO AUTOMOBILE FROM NEGLIGENCE OF BAILEE.

Where the servant of a garage keeper negligently delivered to a person not entitled to possession an automobile left at the garage for safe-keeping, and the machine was taken from the garage and injured, the owner's measure of damages is the difference between the value of the automobile immediately before and its value immediately after the accident.

(*October* 27, 1919.)

PENNEWILL, C. J., and BOYCE, J., sitting.
*James H. Hughes* for plaintiff.
*Arley B. Magee* for defendant.
Superior Court for Kent County, October Term, 1919.

ACTION ON THE CASE, No. 31, October Term, 1915.

Action on the case by the Morgan Millwork Company against the Dover Garage Company to recover damages for injuries to an automobile, which plaintiff's agent had stored in the garage of the defendant company for safe-keeping. Verdict for plaintiff.

The plaintiff introduced evidence to show that on the evening of September twenty-third, 1915, at about eleven o'clock, W., its traveling salesman drove its automobile, furnished W. for use in its business, into the garage of the defendant company for safe-keeping over night, as he had done several times before, for which he paid fifty cents per night; that W. backed the car into a space indicated by an employe of the defendant company, and that he thereupon left the garage and went to his room at a hotel and retired for the night; that early the next morning he was awakened by men who informed him that the automobile was in the outskirts of Dover in a wrecked condition.

Testimony for the defendant was to the effect that W. left the automobile in the garage of the defendant company but did not signify for what period; that shortly thereafter four men came into the garage, one of whom claimed to be the owner of the car, describing it, and asked for it; that the employe in charge of the garage, after asking him certain questions to establish his familiarity with the car, and after requiring him to stand in a light so that he would know him again, permitted him to take the car out.

Evidence was introduced by both sides as to the value of the car at the time it was left in the garage, and also as to the extent of the damages resulting from the injuries to the car.

## PLAINTIFF'S PRAYERS.

(1) If a person receives property as a bailee, and such property is damaged or injured while in his possession and by the

negligent conduct or carelessness of the bailee, his servant or agent, he is liable for such damage or injury. *Pusey v. Webb*, 2 *Pennewill* 490, 47 *Atl.* 701; *Bowen v. Isenberg*, 6 *Pennewill* 230, 67 *Atl.* 152.

(2) Negligence is the failure to use such care as a reasonably prudent and careful person would exercise under similar circumstances. *Garrett v. People's Railway Co.*, 6 *Pennewill* 31, 64 *Atl.* 254; *Keith Co. v. Booth Fisheries Co.*, 4 *Boyce* 231, 87 *Atl.* 715.

(3) A garage keeper is bound to exercise reasonable or ordinary care to protect from injury automobiles left by their owners at his garage for hire. *McLain v. West Virginia Automobile Co.*, 72 *W. Va.* 738, 79 *S. E.* 731, 48 *L. R. A.* (*N. S.*) 561, *Ann. Cas.* 1915D, 956; *Firemen's Fund Insurance Co. v. Schreiber*, 150 *Wis.* 42, 135 *N. W.* 507, 45 *L. R. A.* (*N. S.*) 314, *Ann. Cas.* 1913E, 823.

(4) It is not ordinary or reasonable care for one charged with the safe-keeping of an automobile in a garage to allow it to go out on the road in the hands of a third party without the owner's consent. *McLain v. West Virginia Automobile Co.*, 72 *W. Va.* 738, 79 *S. E.* 731, 48 *L. R. A.* 564, *Ann. Cas.* 1915D, 956.

(5) Every bailee is bound at his peril to know that the person to whom he delivers the chattel is the proper person to receive it, and if he delivers it to the wrong person, though acting in perfect good faith, he is, nevertheless, liable for its conversion. 3 *Amer. & Eng. Ency. of Law* (2d Ed.) 754.

(6) The only surrender of an automobile that a garage keeper can rightfully make is on the order of the owner, expressed or reasonably implied.

(7) In case of bailment for hire without an express undertaking to keep safely the bailee is still liable for neglect. *Vaughan v. Webster*, 5 *Har.* 256; *McLain v. West Virginia Automobile Co.*, 72 *W. Va.* 738, 79 *S. E.* 731, 48 *L. R. A.* 561, 564, *Ann. Cas.* 1915D, 956.

(8) An individual or corporation is liable for negligence of a servant. *Pusey v. Webb.* 2 *Pennewill* 490, 47 *Atl.* 701; *Wilson v. Rockland Manufacturing Co.*, 2 *Har.* 67; *Garrett v. People's Rail-*

*way Co.*, 6 *Pennewill* 31, 64 *Atl.* 254, See 150 *Wis.* 42, 135 *N. W.* 507, 45 *L. R. A. (N. S.)* 322, *Ann. Cas.* 1913E, 823.

(9) While the general rule is that negligence is never to be presumed, but must be proved like any other substantive fact, when the burden of proof is upon the plaintiff, where the property is damaged or injured while in the exclusive custody of a bailee, his servant or agent, it is incumbent upon the bailee to satisfy the jury that the injury was not occasioned by negligence of himself or his servants or agents. *Pusey v. Webb*, 2 *Pennewill* 490, 494, 47 *Atl.* 701; *Bowen v. Isenberg*, 6 *Pennewill* 230, 231, 67 *Atl.* 152; *Stone v. Case*, 34 *Okl.* 5, 124 *Pac.* 960, 43 *L. R. A. (N. S.)* 1169.

(10) The general rule of law is that where property is delivered to a bailee and the latter fails to return it on demand, or if property was delivered to the bailee in good condition and was returned damaged in such a way as does not usually occur by the exercise of proper care, a prima facie case is made out against the bailee and negligence will be presumed. 34 *Okl.* 5, *124 Pac.* 960, 43 *L. R. A. (N. S.)* 1169; *Russell v. Fagan*, 7 *Houst.* 389, 396, 8 *Atl.* 258; 6 *C. J.* 1158 (§ 160).

(11) The measure of damages in such cases, according to the laws of this state, is the difference between the value of the automobile in its damaged state and its value before it was damaged, with interest from the date of such damage, and also such reasonable sum as the plaintiff may have expended incident to such accident, the rule being that the injured party ought to be put in the same condition, so far as money can do it, as though the accident had never happened or had been instantly repaired. *Keith v. Booth Fisheries Co.*, 4 *Boyce* 231, 232, 87 *Atl.* 715; *Schelich v. Wilmington*, 1 *Boyce* 57, 60, 74 *Atl.* 367; *Garrett v. People's Railway Co.*, 6 *Pennewill* 29, 35, 64 *Atl.* 254; 8 *Thompson on Negligence*, 7242.

DEFENDANT'S PRAYERS

(1) As to the law of bailment as to what constitutes a bailment, and that there must have been a contract of bailment before the plaintiff can recover in this case.

(2) That, under the law of bailment, the bailee is obliged to use only the ordinary care of a prudent man, and that if the

jury should, from the evidence, be satisfied that the automobile was taken in any way by the permission of plaintiff's agent, the plaintiff cannot recover.

(3)   As to the measure of damages.

BOYCE, J., charging the jury:—This is an action brought by the plaintiff company against the defendant company to recover damages for injuries to an automobile of the plaintiff company, alleged to have resulted from the negligence of the defendant company with which the automobile in question had been left in its garage for safe-keeping.

[1]   This action is based upon an alleged contract of bailment, such as arises where one delivers property to another to keep safely for hire, either express or implied.   When such a contract is created, and the property is delivered to the bailee, the latter is liable for the safe-keeping of the property.

[2-6]   Negligence is the failure to use such care as a reasonably prudent and careful person would exercise under similar circumstances.   Negligence is never to be presumed.   It must be proved, like any other substantive fact.   Ordinarily the burden of proof is upon him who alleges the negligence relied upon for a recovery.   When, however, property is damaged or injured while in the exclusive custody of a bailee, his servant or agent, it is incumbent upon the bailee to satisfy the jury that the injury was not occasioned by the negligence of himself, his servant or agent. The negligence, if any there was, of the servant or agent of the bailee is imputed to the bailee.

[7, 8]   A garage keeper is bound to exercise reasonable care to preserve from injury automobiles left by their owners at his garage for hire, such care as a reasonable person would exercise in respect to his own property, and he is also bound to see that the person to whom he delivers an automobile left with him for safe-keeping is the proper person to receive it.   The only surrender that a garage keeper can rightfully make of an automobile left with him for safe-keeping is on the order of the owner, express or reasonably implied.

[9]  If, under the evidence in this case, you find for the plaintiff, your verdict should be for such a sum as would reasonably compensate it for the damages sustained, the measure of which is the difference between the value of the automobile immediately before, and its value immediately after it was damaged, with interest from the date of the damage.  If, on the other hand, you find that the defendant exercised due and reasonable care in keeping the automobile, your verdict should be for the defendant.

Verdict for plaintiff.