## General Const. Co. v. Kemplin.

March 4, 1949.

Davis, Boehl, Viser & Marcus for appellant.

Reid Prewitt for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee, Willie Kemplin, owned a two-ton 1944 International truck. He had a contract with Bedford Orme, a retail coal dealer at Carmargo, Montgomery

County, to haul coal from a mine in Morgan County to Orme's business establishment in Carmargo.

While traveling on U. S. Highway 460 his truck collided head-on with a truck owned by appellee, and defendant, General Construction Company, traveling in the opposite direction, whereby his truck was considerably damaged. On January 13, 1948, he brought this action against defendant to recover the damage to his truck, which he alleged was $1,000, one-half of its marketable value at the time of the collision, it being worth at that time, as he alleged, $2,000. He furthermore alleged the loss of the use of his truck while being repaired was $30 per day, and that it would require ten days to repair it. The total amount, therefore, for which he sought judgment was $1,300.

At the trial the jury found for him the total sum of $1,200 without separating the two items of damage, upon which the court rendered judgment after overruling his motion for a new trial. Following that order plaintiff amended his petition and alleged that instead of ten days required to repair his truck it would take twelve days, but that amendment obviously came too late.

Defendant did not deny the collision, nor that it was caused by the negligence of the driver of its truck, leaving only the issue to be tried of the amount of damage sustained by plaintiff, and that is the only issue argued by counsel for both parties on this appeal.

Only two witnesses testified at the trial. The one for appellee was himself, and the other one for the defendant was John W. Cockrell, Jr., the operator of a garage at Carmargo, who repaired in perfect condition plaintiff's truck at a total cost of $460. The necessary repairing necessitated the furnishing and installing of a number of entirely new parts, and Cockrell testified that from the standpoint of service plaintiff's truck was in better condition after its repair than at the time of the collision. He based that statement upon the fact of the essential new parts that he had installed as a part of the repair job. We find nowhere in plaintiff's testimony where he denied that fact. However, we have held in numerous cases that the cost of repair to a damaged

motor vehicle is not the true criterion of the amount of damage to it that may be recovered by its owner, since the fact that it has been in a wreck, necessitating repair, depreciates its marketable value after being repaired. Both parties agree to that statement of the correct rule.

Plaintiff's testimony—both as to the damage to his truck and to the value of its use while being repaired—is very unsatisfactory as well as contradictory. He did not give the terms of his contract with Orme, his employer, nor any unit of service for which he was paid. On the contrary, he rested his case on his general statement that he earned with the use of his truck, under his contract with Orme, $30 per day. On cross-examination he admitted that he was familiar with the rental value of a similar truck in the community where he lived and that within the preceding year he had rented a similar truck for $2 per hour with the bailor furnishing the driver and necessary gas. He testified that he made an average of one round trip per day, and that it required only 6 hours to make it, which at $2 per hour would be only $12, thereby demonstrating that his claim that he earned $30 per day was exaggerated.

Moreover, if plaintiff's truck after being repaired was equally as serviceable, or better thereafter, as Cockrell testified, there would still remain the depreciation in its marketable value, resulting from the fact of its having been wrecked and repaired. The difference between the cost of repairing plaintiff's truck, $460, and the amount plaintiff claimed as reduction in its value of $1,000 is $540, which we are convinced is excessive in measuring the depreciation of its value on account of its having been wrecked. We deem it unnecessary to discuss in detail all of the testimony given by the only two witnesses introduced at the trial, since we have stated the substance and the effect of all of it. Having concluded that the verdict is excessive, a new trial should have been granted on that ground alone.

Wherefore the judgment is accordingly reversed with directions to set it aside; to sustain appellant's motion for a new trial and for proceedings consistent herewith.