THURMAN G. ADAMS, THURMAN G. ADAMS, JR., and ALVIN C. ADAMS, trading as Thurman G. Adams and Sons, a partnership, plaintiffs, v. ROLAND B. HAZEL, defendant.

(*January* 28, 1954.)

RICHARDS, P. J., sitting.

*Everett F. Warrington* for defendant in support of the motion.

*Samuel R. Russell* (of Tunnell and Tunnell) for the plaintiff in opposition to the motion.

Superior Court for Sussex County, No. 45, Civil Action, 1953.

RICHARDS, P. J.:

This action was brought to recover damages which occurred to an International tractor trailer owned by the plaintiff, as a result of a collision on September 17, 1952, between said tractor trailer and an automobile alleged to have been owned and operated by the defendant at the time of said collision.

The plaintiff alleges in paragraph 5 of its complaint that said tractor trailer was damaged to such an extent that it was worth $1,500 less after the collision than it was worth prior to the collision.

By paragraph 6 of the amended complaint, the plaintiff alleges, that as a further result of said collision said tractor trailer was out of use while being repaired for a period of ten weeks and as a natural and proximate consequence of said loss of use, said plaintiff was unable to continue to fulfill an agreement with Lester C. Newton Trucking Company of Bridgeville, Delaware, to lease plaintiff's truck to said company whereby plaintiff failed to realize a profit of $2,000.

Defendant's motion to strike or dismiss said paragraph 6 as amended is based on the ground that it is redundant and that it fails to state a claim upon which relief can be granted pursuant to Rule 12(f) and 12(b) (6), *Del. C. Ann.*

The defendant contends in support of his motion that it appears from the allegations of paragraph 5 of the complaint that the plaintiff's theory of damages is based upon the difference in value of the tractor trailer immediately prior to and immediately after the collision, and having relied upon this theory for its measure of damages, plaintiff is not entitled to recover for the loss of use of said tractor trailer.

Defendant contends that two measures of damages are recognized, (1) the reasonable cost of repairs necessary to restore the vehicle to its former condition, and (2) the difference between its market value immediately before and immediately after the injury. It is admitted that if the measure of damages relied upon is the reasonable cost of the repairs necessary to restore the vehicle to its former condition, recovery may also be had for the loss of use; but if the measure of damages relied upon is the difference between the value of the vehicle immediately before the accident and immediately after the accident, it is contended, that there can be no recovery for the loss of use. In support of this position, the following New York cases are cited: *Gass v. Agate Ice Cream, Inc.*, 264 *N. Y.* 141, 190 *N. E.* 323; *Howe v. Johnston*, 220 *App. Div.* 170, 221 *N. Y. S.* 516; *Johnson v. Scholz*, 276 *App. Div.* 163, 93 *N. Y. S.* 2d 334; *Hartshorn v. Chaddock*, 135 *N. Y.* 116, 31 *N. E.* 997, 17 *L. R. A.* 426; *Mendleson v. Van Rensselaer*, 118 *App. Div.* 516, 103 *N. Y. S.* 578.

It is not denied that the New York cases support the defendant's contention but said cases do not represent what I find to be the general rule.

A tort-feasor is liable for damages for all natural, direct and proximate consequences of his wrongful acts or omissions; or, for all the probable consequences of such wrongful acts or omissions. *Milwaukee & St. Paul R. Co. v. Kellogg*, 94 *U. S.* 469, 24 *L. Ed.* 256; *Coy v. Indianapolis Gas Co.*, 146 *Ind.* 655, 46 *N. E.* 17, 36 *L. R. A.* 535; *Wells v. Western Union Telegraph Co.*, 144 *Iowa* 605, 123 *N. W.* 371, 24 *L. R. A., N. S.*, 1045, 138 *Am. St. Rep.* 317; *Burles v. Oregon Short Line R. Co.*, 49 *Mont.* 129, 140 *P.* 513; *Kentucky Heating Co. v. Hood*, 133 *Ky.* 383, 118 *S. W.* 337, 22 *L. R. A., N. S.*, 588; *Brower v. New York Cent. & H. R. R. Co.*, 91 *N. J. L.* 190, 103 *A.* 166, 1 *A. L. R.* 734; *Garrison v. Sun Printing & Publishing Ass'n*, 207 *N. Y.* 1, 100 *N. E.* 430, 45 *L. R. A., N. S.*, 766; *Ehrgott v. Mayor, etc.*, 96 *N. Y.* 264, 48 *Am. Rep.* 622; *Lane v. Southern Railway Co.*, 192 *N. C.* 287, 134 *S. E.* 855, 51 *A. L. R.* 1114; *Miller v. Baltimore & Ohio*

*Southwestern R. Co.*, 78 *Ohio St.* 309, 85 *N. E.* 499, 18 *L. R. A., N. S.*, 949, 124 *Am. St. Rep.* 699; *Steitz v. Gifford*, 280 *N. Y.* 15, 19 *N. E.* 2d 661, 122 *A. L. R.* 292.

A recovery may also be had against a tort-feasor for the loss of use of property provided the use was a lawful one and the damages are established with reasonable certainty. *New York Central Railroad Co. v. Reidenbach*, 71 *Ind. App.* 390, 125 *N. E.* 55; *Sturtevant v. Ford*, 280 *Mass.* 303, 182 *N. E.* 560; *Hawkins v. Garford Trucking Co.*, 96 *Conn.* 337, 114 *A.* 94; *Meyers v. Bradford*, 54 *Cal. App.* 157, 201 *P.* 471; *Storley v. Armour & Co.*, 8 *Cir.*, 107 *F.* 2d 499.

The measure of damages recognized in this State in cases of this character, is the value of the vehicle damaged immediately before the accident and its value immediately after the accident. *Brown v. Wilmington City Ry. Co.*, 1 *Penn.* 332, 40 *A.* 936; *Stidham v. Delaware City*, 6 *Penn.* 359, 67 *A.* 175; *Morgan Millwork Co. v. Dover Garage Co.*, 7 *Boyce* 383, 108 *A.* 62; *Garrett v. Peoples Railway Co.*, 6 *Penn.* 29, 64 *A.* 254.

Rule 12(f) provides for the striking from a pleading of redundant, immaterial, impertinent or scandalous matter upon the motion of a party or by the Court upon its own initiative. (b) (6) of said rule provides, that when a pleading fails to state a claim upon which relief can be granted, such failure need not be asserted in a responsive pleading but defense thereto may be made by motion.

The claim set forth in paragraph 6 of the complaint as amended, is a good claim upon which relief can be granted if proven to the satisfaction of the jury.

The motion to strike or dismiss paragraph 6 of the complaint is denied.