ELIZABETH TEITSWORTH, Appellant, v. ALBERT A. KEMPSKI and REGINA O. KEMPSKI, Appellees.

(*December* 10, 1956.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Henry R. Horsey* (of the firm of Berl, Potter and Anderson) for defendant below, appellant.

*H. Albert Young* for plaintiffs below, appellees.

Supreme Court of the State of Delaware, No. 29, 1956.

BRAMHALL, J.:

The questions presented here relate (1) to the consideration by the trial judge of evidence offered by defendant to prove the damage to plaintiffs' automobile by showing the estimated cost of repairs; (2) to the right of plaintiffs to recover damage for loss of use where they prove their damage by the depreciated market value of the vehicle; and, (3) to the admissibility of certain evidence by which an attempt was made to mitigate plaintiffs' damage.

On December 30, 1954, plaintiffs' automobile, a 1954 Dodge, in good condition, while parked in front of the grocery store of plaintiffs in Wilmington, was struck in the left rear and damaged by a vehicle operated by defendant. At the trial before the court without a jury plaintiffs proved their damage by showing the

value of their automobile immediately prior to the accident to have been $2,000, and its value immediately thereafter, without being repaired, as approximately $550.

Defendant, in an effort to mitigate plaintiffs' loss, introduced estimates showing the probable cost of repair of plaintiffs' automobile. According to one of these estimates, plaintiffs' car could have been repaired by straightening the frame and by not using new parts replacements for the sum of $344. Another estimate, which included a new frame and new parts replacements, was for $532.30. The difference in the two estimates is substantially covered by the cost of a new frame, amounting to approximately $150. There was testimony that under the latter estimate, plaintiffs' automobile after repair would have been restored to its condition immediately prior to the accident.

The trial judge admitted the evidence offered by defendant showing the cost of repairs as relating to the value of plaintiffs' automobile immediately before and immediately after the accident. He gave judgment for the plaintiffs and fixed the damage to plaintiffs' automobile as $1450. He allowed the sum of $70 for loss of use and $18 towing charges. Defendant appeals.

1. Defendant contends that in fixing the amount of the damage to plaintiffs' automobile the trial judge did not give sufficient consideration to the evidence introduced relating to the cost of repairs. Defendant concedes that in measuring the damage to an automobile which has been involved in an accident, the courts should determine the amount of the damage by fixing the value of the automobile immediately prior to the accident and deducting therefrom the value of the automobile immediately after the accident. But defendant avers that the determination of the manner of proving such damage must depend in large measure upon the particular factual status. She strenuously objects to the determination in this case of the value of plaintiffs' automobile solely by proof of its value before and after the accident on the grounds (1) that there was no market value for an automobile in that condition, and (2) that the estimates secured

by plaintiffs were salvage bids, obtained by the prospective seller to plaintiffs of a new automobile. It is her contention that the estimate of the cost of repairs furnishes a much more accurate basis for determining plaintiffs' loss, especially since, as defendant alleges, plaintiffs' automobile when repaired would have been as good as it was immediately prior to the accident.

Plaintiffs allege that the determination of the weight to be given to this testimony was a matter lying entirely within the discretion of the trial judge and that the trial judge cannot be reversed for his finding in the absence of abuse of discretion. Of course, plaintiffs assert that the trial judge's finding was fully supported by the evidence and that therefore there was no abuse of discretion.

The courts of this state in a number of cases have said that the measure of damages to an automobile involved in an accident is found in the difference between the value of the automobile immediately prior thereto and its value immediately thereafter. *Brown v. Wilmington City Ry. Co.*, 1 *Penn.* 332, 40 *A.* 936; *Garrett v. People's Ry. Co.*, 6 *Penn.* 29, 64 *A.* 254; *Stidham v. Mayor, etc., of Delaware City*, 6 *Penn.* 359, 67 *A.* 175; *Morgan Millwork Co. v. Dover Garage Co.*, 7 *Boyce* 383, 108 *A.* 62; *Adams v. Hazel*, 9 *Terry* 301, 102 *A.* 2d 919; *General Construction Co. v. Kemplin*, 309 *Ky.* 587, 218 *S. W.* 2d 384. This rule has been followed by our courts for many years. It also seems to be the majority rule elsewhere. See *Restatement of the Law*, Torts, § 928; 6 *Blashfield Cyclopedia of Automobile Law and Practice*, § 3415, pp. 44, 52.

Defendant, as we understand her contention, is not asking this court to overrule the above decisions. The force of her contention here is that in this particular case the testimony relating to the cost of repairs is more accurate evidence of the damage to plaintiffs' automobile than the salvage bids obtained on behalf of plaintiffs and that in failing in his finding to follow this evidence, the trial judge was in error.

It is difficult to see how any other market value could have been found for plaintiffs' car in its condition. While it was admitted that the car could have been repaired, according to the testimony of at least one of plaintiffs' witnesses, in view of the extent and type of the damage thereto, a suitable price could not have been obtained therefor even after repair. A dealer to whom plaintiffs went for the purpose of trading in the damaged car for a new car obtained from those in the business of purchasing damaged cars a number of bids as to its value in its then condition. The highest bid received was $550. There was no showing that this figure was grossly insufficient. There was no retail market for the car in its damaged condition.

Unquestionably, the estimates of the cost of repairs to plaintiffs' automobile were properly admitted. *Newman v. Brown*, 228 *S. C.* 472, 90 *S. E.* 2d 649. But we cannot agree with defendant's contention that the trial judge was bound to reject the testimony as to the value of the salvage and accept solely the testimony relating to the cost of repairs. In the first place (absent any evidence or stipulation that an estimate of repairs shall be received as evidence of value) to do such would be in violation of the rule consistently followed by the Superior Court that proof of damages to an automobile following a collision is insufficient if it consists of estimates of repairs alone. Furthermore, there is testimony tending to refute defendant's evidence that the automobile when repaired would be as good as it was before the accident. The witness Thompson, while admitting that the automobile could have been repaired, testified that because of the extent and the type of damage thereto, his company would not sell it and no one having knowledge of the fact that it had been involved in such an accident would have purchased it, even after repairs, as a good, secondhand automobile. It is certainly conceivable that plaintiffs' automobile having been struck in the rear, with its frame bent and quarter-panel badly damaged, might even after it had been repaired have been worth much less than before the collision. *Littlejohn v. Elionsky*, 130 *Conn.* 541, 36 *A.* 2d 52; *Newman v. Brown, supra; Pettit v. Howard*

*& Bullough American Mach. Co., R. I.*, 107 *A.* 92; 15 *Am. Jur.* 532, 534, Damages, § 124.

It was the province of the trial judge to consider all the evidence relating to the amount of the damage to plaintiffs' automobile and the weight to be given to this testimony was entirely within his discretion. We cannot say, under the circumstances, as a matter of law that he committed an abuse of discretion in weighing the evidence presented.

■ 2. Defendant contends that the trial judge erred in receiving in evidence plaintiffs' testimony as to loss of use. Defendant reasons that because of the fact that plaintiffs proved the damage to their automobile by showing its value immediately before and immediately after the accident, plaintiffs are not entitled to prove loss of use. She concedes that had plaintiffs proven their damage by the introduction of evidence showing the reasonable cost of repairs they could have proven loss of use. Defendant distinguishes the case of *Adams v. Hazel, supra*, on the ground that in that case the repairs were actually made.

We do not think that defendant's contention has merit. We agree with the opinion of the Superior Court in the case of *Adams v. Hazel, supra*, that the fact that plaintiffs proved the damage to their automobile by showing its value before and after the accident did not prevent them from proving loss of use. Defendant is responsible for any and all damages which are the natural, direct and proximate consequence of her negligent act. Certainly loss of use is a natural and proximate consequence of the substantial ,damage which defendant caused to plaintiffs' car. As previously stated, in this state the accepted method of proving damage to an automobile is by showing its value before and after the accident.

Evidence of the reasonable cost of repairs is frequently permitted. In this case such evidence was introduced by defendant. Presumably it was considered by the trial judge along with all other evidence as to damage and such weight given to it as he

thought proper. Nevertheless, the effect of such proof was to show the value of the damaged car. We think that it would be improper for us to hold that loss of use may be shown when a plaintiff in proving the damage to his automobile offers evidence as to the cost of repairs, but not otherwise. This is particularly true where as here, such evidence is actually offered by defendant and received by the court. Defendant's objection is overruled.

3. Defendant objects to the action of the trial judge in sustaining plaintiffs' objection to a question put to one of the plaintiffs in an effort to mitigate plaintiffs' damage. The question in dispute was:

"Q. If Nealis had said that it had an offer of $300, is it possible that you might had said, 'What trade-in allowance will you give us on that $300 offer?' and if that trade-in allowance was sufficient, in your mind, would you have gone ahead and purchased a new car?"

Upon objection, defendant's counsel stated to the court:

"What I am getting at is that there was no incentive to Mr. Kempski to get the best price, because he was only interested in the trade-in allowance, and, so long as the trade-in allowance was sufficient for him to buy a new car, he didn't care what the car brought, and, when Nealis was selling the car for him, and that goes to the extent the damages were mitigated by obtaining the best possible price for the car."

Defendant contends that this question was relevant in mitigation of damages in that it went to the question of plaintiffs' incentive to obtain the highest salvage value for the damaged vehicle.

The substance of plaintiffs' question, in somewhat different language, was asked and answered in the question and answer immediately preceding the question to which exception is taken. There counsel for defendant asked a question and received an answer as follows:

"Q. Well, now, suppose that Nealis had said that, 'Our best offer is $300 for the car'; would you have bought a new car?"

"A. That I don't know, because it didn't happen and I don't know what I would have told them. I don't know what I would have done."

It appears to this court that the question to which defendant takes exception was substantially covered in the above question and answer. Nevertheless, we shall consider defendant's objection on its merits.

The question for determination here is the value of plaintiffs' car, not whether or not plaintiffs would have made a deal if the dealer had informed them that their car was worth less than $550. In the absence of evidence to the contrary, it must be presumed that the bid of $550 was submitted in good faith and represented the value of the damaged car. There is nothing in the record showing that it was grossly inadequate or that it was not given in good faith. The question of whether or not if the bid for the salvage had been substantially less than $550, plaintiffs would or would not have purchased the new car was not pertinent to the issue. We think that the trial judge was right in sustaining this objection. See *Newman v. Brown, supra.*

The judgment is affirmed.