## I. & R. CHAMBERS *v.* GEORGE O. FRAZIER.

1. Where damages for the failure to deliver goods sold are sought to be set. up by way of counterclaim by the purchaser, the answer, which shows that delivery of the goods and payment therefor were concurrent conditions, without averring an offer or readiness to pay on his part, does not. state facts sufficient to constitute a counterclaim.

2. Where nominal damages only can be assessed on a counterclaim, without proof of actual damages, the omission to assess any damages, there being no proof of actual loss, is not ground for a reversal when such omission does not affect the costs.   6 Ohio St. 207; 26 Ohio St. 562.

MOTION for leave to file a petition in error to the District Court of Jefferson county.

The original action in the court of common pleas was brought by plaintiffs in error against defendant in error to recover $325 for money loaned.

The defendant, by his answer, denied the allegations in the petition, and averred that the alleged loan grew out of certain transactions between the parties in relation to the sale and purchase of wool; and thereupon it is alleged, by way of counterclaim, that on the 19th of November, 1872, the defendant purchased of the plaintiffs a lot of wool in store, to wit, 30,000 pounds, at the price of 61 cents per pound; that the plaintiffs afterward wrongfully culled and removed from the lot 12,500 pounds of the best and most valuable part of the wool; that defendant had resold said lot of wool at 62 cents per pound, and that plaintiffs had ever since neglected and refused to deliver the said 12,500 pounds, to the damage of defendant in the sum of $1,500. This counterclaim is denominated " second defense."

And also, by way of counterclaim, and as a third defense, the defendant alleged in his answer that on the 20th of December, 1872, the defendant owned and had in store 10,493 pounds of other wool, sacked and marked, and that the plaintiffs wrongfully, and without his knowledge,

changed the marks, and shipped the wool in their own name to their own consignee at Providence, R. I., whereby the defendant was put to great cost and expense in regaining possession of said wool, to his damage in the sum of $500.

Upon this state of pleading the cause was submitted to the court, neither party demanding a jury, and thereupon judgment was rendered in favor of the plaintiffs for the full amount of their claim.

On error, in the district court, the judgment of the common pleas was reversed.

The plaintiffs in error now seek a reversal of the judgment of the district court and the affirmance of that of the common pleas.

*Trainer & Cook*, for the motion.
*Wallace & Billingsley*, contra.

BY THE COURT. The judgment of reversal in the district court is sought to be defended on the ground that the court of common pleas erred in not assessing damages in favor of the defendant on his counterclaims, the plaintiffs being in default of reply.

Without passing on the question whether the matters stated in the second and third defenses are the subjects of counterclaim to the cause of action stated in the petition, we think the judgment of the district court should be reversed.

Under the contract of sale set forth in the second defense, the delivery of the wool by the plaintiffs and the payment therefor by the defendant were concurrent conditions. There is no averment that the defendant at any time offered or was ready to pay. The facts stated are therefore not sufficient to entitle him to damages.

On the facts stated in the third defense, without proof of actual damages, nothing more than a nominal sum could have been awarded to the defendant. The record does not show that any proof of actual damages was of-

fered. The failure to award nominal damages to the defendant did not affect any substantial right. The giving of such damages would not have affected the costs in the case. A judgment should not be reversed where the court fails to give nominal damages on a counterclaim, if such omission did not affect the costs or other substantial right of the defendant. *Hill* v. *Butler,* 6 Ohio St. 207.

Motion granted. Judgment of the district court reversed and that of the common pleas affirmed.