ANDERSON, APPELLANT, *v.* THE AMERICAN BANKERS INS. CO. OF FLORIDA, APPELLEE.

(No. 489—Decided October 30, 1954.)

*Mr. William H. Thornburgh,* for appellant.
*Messrs. Pickrel, Schaeffer & Ebeling,* and *Mr. William H. Selva,* for appellee.

HORNBECK, J. This is an appeal on questions of law from a judgment for the defendant entered on a directed verdict in its behalf at the close of plaintiff's case.

Two errors are assigned: (1) The rejection of testimony offered by plaintiff, and (2) the action of the court in sustaining a motion for a directed verdict.

The action was to recover property damages claimed to have resulted to plaintiff's automobile by theft, plaintiff being the insured in a policy issued by defendant wherein it agreed to pay plaintiff "for loss of, or damage to, the automobile caused by theft, larceny, robbery, or pilferage."

Plaintiff, in her brief, as to the first assignment of error, says:

"Pages 17-20 inclusive, of the record indicate first plaintiff's attempt to show how the claim was reported, when, by whom, and to whom. This was rejected as not being material to the issues of theft and damage. As shown, subsequently when the plaintiff attempted to explain the actions of herself and her son regarding the claim the court rejected her testimony regarding instructions given by an agent, employee or representative of the defendant, on the basis that the agency relationship had not been established."

The record does not support the claim that plaintiff attempted to show how, when, by whom and to whom the claim was reported. Such may have been the intention of counsel, but the record does not disclose it.

We note that the statement of plaintiff that one Evans was the agent for defendant company was admitted without objection, and that a further statement of like effect was accepted over the objection of the defendant. The record shows that when an attempt was made to get into the record what Evans had said or reported, upon objection being made, counsel made the observation that it was not important and that he would not go into it. There was no proffer of evidence in respect to any of the questions which were not permitted to be answered which would inform the court as to any prejudice that could have resulted to the plaintiff by the rulings.

Inasmuch as this case may be tried again, we direct attention to the ruling of the court in certain instances. The record

shows that the plaintiff was permitted to answer that a man by the name of Evans was the agent for defendant insurance company. There was a motion to strike the answer as being a conclusion. The court overruled it. This should have been sustained. It may be that the agency of Evans can be shown under the provisions of the statute, Section 3905.01, Revised Code.

At the trial Donald Anderson was asked:

"Q. I would like you to give me your appraisal of your automobile on June 23 and the condition that it was in when you left it on the evening of June 23."

On objection, the court refused to permit the question to be answered. That part of the question relating to the condition of the automobile when it was left on the evening of June 23 was material and important, and an answer should have been permitted because it would show the state of repair of the various mechanical parts, and afford a basis for valuation of the automobile immediately before it was stolen. It would have provided, in part, the basis for a hypothetical question as to the extent of the damages to the automobile.

On further questioning, Donald Anderson was asked:

"Q. Did anything further happen that day? A. Yes, two or three fellows asked me if they could use my car but I told them 'No.' "

Objection was sustained to the answer. It should have been permitted to remain in the record. It was probative of the fact that the car, during the time that it was away from the quarters of the witness, was away without his consent.

The first assignment of error is not supported.

The second assignment is that the trial court erred in sustaining the defendant's motion for a directed verdict at the close of plaintiff's evidence.

There was sufficient testimony to permit an inference that the car was stolen. There is proof, uncontradicted at the time the verdict was directed, that the car was damaged by the removal of window glass. Low gear and reverse gear were removed. There was a bad clicking noise in the rear, the back bumper and gravel guard were bent, and the trunk had a dent in it eight inches in diameter and one-half inch deep. The body

had two or three "mean scratches" on it, the hood had a couple of notches in it, and the ignition housing was completely cut away. The car had been driven more than 100 miles from the time it was taken until it was returned in a period of not more than 12 hours.

It is evident that no car could suffer the damage heretofore stated and not be materially decreased in cash market value. The fact that it was purchased for $600 and an allowance of $800 was made on a trade-in on a convertible is not probative that it was worth $200 more after it was wrecked than before. Fair market value and trade-in value are not necessarily synonymous terms, and here there is proof that they were not synonymous.

Unfortunately, the plaintiff offered no testimony upon which the jury could make a proper determination of the actual money damage suffered. There is some question whether the repairs to the hood, after the car was returned to Tipp City, did not afford the basis for an allowance of compensatory damages to the plaintiff. However, this is uncertain. But there is no doubt that there was a question for the jury, upon the undisputed evidence of plaintiff's witnesses, whether nominal damages should be awarded to the plaintiff.

If the testimony of plaintiff's witnesses is to be accepted, there was a breach of contract on the part of the defendant resulting in damage, the amount of which, for want of proof, may not be determined. This situation as to nominal damages was made an issue for the jury, and it was prejudicially erroneous to direct a verdict as was done.

That such damages are proper in this case and should be allowed is established by many cases in Ohio. *First National Bank of Barnesville* v. *Western Union Telegraph Co.,* 30 Ohio St., 555, 27 Am. Rep., 485; *I. & R. Chambers* v. *Frazier,* 29 Ohio St., 362; *Hill* v. *Butler,* 6 Ohio St., 207; and *Quillet* v. *Johnson,* 34 Ohio Opinions, 308, 71 N. E. (2d), 488.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

WISEMAN, P. J., and MILLER, J., concur.