ROSIE OPPENHEIM *vs.* WILMINGTON GAS COMPANY.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PLEADING.

A declaration charged, first, that defendant's servant, while engaged in defendant's business, left open a trapdoor in plaintiff's premises, negligently and carelessly; second, that such door was left open, unguarded, an unreasonable length of time; third, that defendant's servant negligently and carelessly failed to close the door; fourth, that he failed to close the door within a reasonable time; fifth, that he failed to leave the cellar within a reasonable time and to close the door upon leaving it—with three other similar counts. They did not allege that defendant's servant had permission to enter premises, but the last count alleged that defendant's servant entered the premises without any permission, and negligently and carelessly failed to close the door. *Held*, that the declaration was not demurrable, as showing that the plaintiff was guilty of contributory negligence as a matter of law in falling through such open door.

(*March* 8, 1915.)

Judges BOYCE and HEISEL sitting.

*Aaron Finger* for plaintiff.

*Herbert H. Ward* (of *Ward, Gray and Neary*) for defendant.

Superior Court, New Castle County, March Term, 1915.

ACTION ON THE CASE (No. 77, January Term, 1914) by Rosie Oppenheim against the Wilmington Gas Company to recover damages for injuries sustained by plaintiff falling through a cellar doorway in the floor of a house on the premises of plain-

tiff, by reason of the alleged negligence of a servant of the defendant, while engaged ni and about the business of the defendant company.

General demurrer to the declaration in which it is averred in substance that on or about, etc., a servant of the defendant, while engaged in and about the business of the defendant, and in the course of his duty as such servant, etc., entered the premises of the plaintiff, on, etc., and requested permission to go down into the cellar thereof, in order to gain access to a meter of the defendant in the cellar of the property adjoining, the cellars of the two properties being communicating; that permission to enter the cellar, etc., for the purpose, etc., was thereupon granted, whereupon the said servant of the defendant, in the course of his said employment, etc., opened a door in the floor of said premises, etc., and proceeded to descend into the cellar of the said property by means of a stairway which was covered by said door in said floor; that the said door, etc., was located at a point in last mentioned premises where the light was very dim, that it then, etc., became and was the duty of the said defendant, by its said servant, to use due and proper care in descending into the said cellar to avoid causing injuries, etc., to the plaintiff; yet the said defendant, by its said servant, not regarding its said duty, etc., failed and neglected to exercise due and proper care, in that, as charged in the first count, the said defendant, by its said servant, then and there negligently and carelessly left the said door in, etc., open and unguarded, whereby and by reason of the said negligence, etc., the said plaintiff, while walking through the said last mentioned premises, and being ignorant of the fact that said door in said floor was open, etc., and while in the exercise of due care and caution, etc., fell into the opening in said floor leading, etc., and fell to and upon the ground of the cellar of said premises, whereby the said plaintiff sustained injuries, etc.

The charge of negligence in the remaining counts differs from the first as follows:

The second count alleges that the door was left open and unguarded an unreasonable length of time.

The third count alleges that defendant's servant negligently and carelessly failed and omitted to close the door.

The fourth count alleges failure to close the door within a reasonable length of time.

The fifth count alleges failure of defendant's servant to leave the cellar within a reasonable time, and to close the door upon leaving the same.

The sixth, seventh and eighth counts are respectively similar to the third, fourth and fifth counts, excepting they do not allege that defendant's servant had permission to enter the premises.

The ninth count alleges that defendant's servant entered the premises "without the permission of the said plaintiff, or any one in said premises who was authorized to give such permission," and complains of the same negligence alleged in the third count.

HEISEL, J., delivering the opinion of the court:

Counsel for the demurrer contends that the declaration discloses circumstances, which, if proven, would impute to the plaintiff, contributory negligence as a matter of law. We think evidence could be admitted under the declaration that would not necessarily have that effect, and therefore, the question of contributory negligence is for the trial court to determine, on the evidence produced at the trial.

The demurrer is overruled.