EDNA M. LEEDOM, Administratrix of Albert Leedom, Deceased, v. THE PENNSYLVANIA R. R. CO.

(*December* 3, 1942.)

LAYTON, C. J., RODNEY and TERRY, J. J., sitting.

*Hering, Morris, James and Hitchens* for the plaintiff (Henry W. Bryan, Jr., of counsel).

*William S. Potter* (of Southerland, Berl and Potter) for the defendant.

Superior Court for New Castle County, September Term, 1942.

LAYTON, Chief Justice:

The sufficiency of the third and fifth counts of the amended declaration is challenged by demurrer.

The third count alleges that on January 5, 1941, at one o'clock in the morning, the plaintiff's intestate was driving an automobile in a northerly direction on New Castle Avenue, in the City of Wilmington, approaching the track of the

defendant company known as the Shellpot cut-off; that the intersection was highly dangerous by reason of certain obstructions to the view of travellers on the highway; that the defendant's freight train was approaching the intersection in an easterly direction, and collided with the automobile carrying or pushing it a distance of seventy feet; that because of the dangerous character of the crossing it was the defendant's duty "to make timely employment of sufficient signals or warnings giving notice of the approach of its trains to the intersection;" that the defendant failed in its duty in that it failed "to sound the whistle or the bell on the locomotive, or to sound a gong, or to close said crossing by gates, or to use red blinker lights, or employ a watchman * * *"; and that as a result of injuries suffered in the collision the plaintiff's intestate died.

The defendant insists that material averments with respect to its alleged breach of duty are in the alternative, so that it is impossible to say in what precise particular it failed in its duty. The plaintiff answers that the negligence alleged is the defendant's failure to give notice by the employment of any of the ordinary used types of signals; and that proper modes of warning are set out merely as examples, any one of which would have constituted proper notice if adopted.

■■ Railroad companies are under a duty to exercise reasonable care and diligence in warning the public of the approach of its train to intersections of its tracks with highways; and the sufficiency of the means of warning actually employed is, in general, to be determined by the peculiarly dangerous conditions existing at the crossing. If the language of the count with respect to the defendant's failure to employ the several modes of warning could properly be regarded as surplusage, the count then would allege the duty of the defendant to give sufficient notice of the approach of its train to the crossing, and its failure to give such due

and timely warning; and, under the rule laid down by this Court in *Lofland's Brickyard Crossing Cases*, 5 *Boyce* 150, 161, 91 A. 285, 290, the count would be sufficiently informative. All material averments of fact in the alternative do not render the pleading uncertain and obscure, and therefore demurrable. They may refer to the same ultimate fact, and each may be pertinent to a single cause of action, in which case the complaint would not be bad for uncertainty. But we think the count under attack is uncertain although not for the precise reason urged by the defendant.

The crossing is alleged to be a highly dangerous one because of certain obstructions to the view of travellers approaching it, and such averment in sufficient detail is necessary if, in fact, a high degree of care should have been exercised by the defendant in the light of peculiarly dangerous conditions prevailing at the crossing. The plaintiff insists that the employment of any one of the several means of warning recited by way of example would have constituted proper notice, if performed. This is to say that proof of the sounding of the locomotive whistle, or the mere ringing of its bell, would exculpate the defendant. But we cannot regard this statement made in argument as having binding force at the trial either upon counsel or the Court; and as the count is framed, it would be entirely possible for the plaintiff to prove such a peculiarly dangerous condition at the crossing as to require the maintenance of safety gates or the employment of a watchman. The count gives little information with respect to the conditions generally prevailing at the crossing. It is alleged to be a highly dangerous crossing because of certain obstructions to the view; but as to the nature of the obstructions or the number of sets of tracks, or the use of the crossing, the count is silent. At ordinary grade crossings, the sounding of the whistle, or perhaps, the ringing of the bell, may be a sufficient warning. At peculiarly dangerous crossings, some more efficient means of warning, or even an obstruction to passage, might be

necessary. In any event, if the plaintiff, in fact, relies upon the defendant's failure to exercise that high degree of care and caution which is demanded at a peculiarly dangerous crossing, she must plead in informative detail the circumstances and conditions that cause the crossing to be a particularly dangerous one. *Lofland's Brickyard Crossing Cases, supra.* This has not been done. The vice of the count is that it charges the breach of an ordinary as well as of a high precautionary duty, permitting the plaintiff to shift her right of action from the one to the other. The demurrer to this count must be sustained.

The fifth count, after reciting the same introductory facts, proceeds to allege that the deceased, being unaware of the approach of the train entered upon the intersection, and thereupon the defendant's train collided with the automobile, although the presence of the automobile upon the crossing was visible to the defendant's servants for a great distance, to-wit, one thousand feet; that it was the defendant's duty to avoid collision with the automobile when the dangerous position of the deceased was or should have been seen in time to have avoided the collision; yet the defendant negligently failed to avoid the collision, but, on the contrary, permitted its train to collide with the automobile.

The plaintiff relies upon the last chance doctrine. This principle is a means to apply in the discovery of proximate cause; and it is to the effect that whenever the respective acts of negligence on the part of the plaintiff and defendant are not actually concurrent, but one succeeds the other by an appreciable interval of time, the one who has the last chance to avoid the impending harm and negligently fails to do so is chargeable with the whole. *Island Express, Inc., v. Frederick,* 5 *W. W. Harr.* (35 *Del.*) 569, 171 A. 181. Where properly invoked in aid of a plaintiff, his negligence is admitted, but it is relegated from the position of a proximate cause to that of a remote cause, or mere condition. Facts

must, of course, be alleged to bring a plaintiff within the protection of the doctrine. *Buck v. Rutland R. Co.,* 101 Vt. 282, 143 A. 297.

The speed of the train is not alleged. It was a freight train moving, as it seems, within the City limits. It was a great distance, perhaps one thousand feet, from the crossing when the presence of the automobile thereon was or should have been discovered. At a rate of speed of thirty and forty miles an hour, there were respective intervals of seventeen and twenty-three seconds, approximately, between the time when the peril was or should have been discovered and the collision. At any rate of speed, there must have been an appreciable interval of time. It is not alleged that the automobile had become stalled on the crossing; and as the vehicle was moving all the while, it is not at all clear why, in the elapsing interval, it did not have ample time to clear the crossing. The situation described is so unreal as to exclude it from the operation of the doctrine of discovered peril. A railroad crossing is a place of danger. Its very presence is notice of danger. It is not alleged that the crossing itself was not plainly visible to travellers on the highway, nor that the deceased was unfamiliar with the locality. Concurrent negligences proximately at work are plainly indicated. See *Miller, Adm'r v. Union Pacific R. Co.,* 290 U. S. 227, 54 S. Ct. 172, 78 L. Ed. 285.

The complaint must be so framed as not to leave an inference of contributory negligence on the part of the plaintiff; and it is a well settled rule, even in jurisdictions where contributory negligence need not be negatived, as with us, that where the facts alleged show that the plaintiff was contributorily negligent it is, ordinarily, an insufficient statement of a cause of action; and where the last chance doctrine is invoked, the facts alleged must show that the plaintiff's negligence was merely a remote condition.

45 C. J. 1103. See *Oppenheim v. Wilmington Gas Co.,* 5 *Boyce* 324, 93 A. 553. This has not been done.

The count does not disclose a cause of action; the demurrer must be sustained.