ERIC ALBER, Appellant, v. HENRY A. WISE, JR., Appellee.

(*November* 28, 1960.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Stewart Lynch* for defendant below-appellant.

*Oliver V. Suddard* for plaintiff below-appellee.

Supreme Court of the State of Delaware, No. 32, 1960.

BRAMHALL, J.:

Plaintiff left his 19-day old Cadillac automobile, for which he had paid $6,088, in the custody of defendant, who operated a motor vehicle valet parking service. While in defendant's custody, it was extensively damaged on the right front and right side. Plaintiff instituted suit against defendant for the damage which he sustained.

Plaintiff obtained two estimates covering repairs: one, in which the use of some old parts was contemplated, amounting to $383.52; the other, covering the same repairs, plus a new tire, using all new parts, amounting to $678.80. Plaintiff, deciding not to repair his automobile, traded it in for a new Cadillac of the same year, but of a slightly different model, costing $5,771. The difference in price is accounted for by the fact that the new automobile was not equipped with an automatic eye, electric seat adjustment and electrically operated windows. The dealer at once sold plaintiff's automobile at wholesale, without making repairs thereto, for the sum of $4,000.

At the trial defendant conceded his liability but objected strenuously to the manner in which plaintiff attempted to prove his damage. The case was submitted to the jury by the trial judge under instructions customarily given in this

State as to the difference in value of the automobile before and after the accident, plus an item of $10 for wrecker service and an item of $81.67 for loss of use. The jury returned a verdict for plaintiff in the sum of $1,991.67. Defendant filed a motion for a new trial, alleging errors in the admission of certain evidence relating. to the amount of plaintiff's damage and the trial judge's charge to the jury with reference thereto. He also complained of the verdict as being excessive. Defendant's motion for a new trial was denied. He appeals to this Court from the judgment of the Superior Court and the refusal of the trial judge to grant a new trial.

■ The all important question raised by this appeal relates to the method used in ascertaining the amount of the damage to plaintiff's automobile by determining the value before and after the accident and subtracting the difference, plus special damage. Although he specifically states that he is not challenging generally the rule of law to that effect as laid down in the case of *Teitsworth v. Kempski*, 11 *Terry* 234, 127 *A.* 2d 237, 238, and other decisions in this State cited therein, defendant nevertheless contends that since the damage to plaintiff's automobile could have been repaired at a cost considerably less than the diminution in value, plaintiff's damage should have been limited to the cost of making such repairs, plus the amount, if any, of the depreciation value after the repairs had been made.

To sustain his contention, defendant relies upon a statement of this Court in the *Teitsworth* case to the effect that the cost of making repairs is properly admissible in evidence. He states that under the facts of this case, where the cost of repairs—which the court below admitted in evidence—plus depreciation in value, is considerably less than the diminution in value before and after, the rule laid down in the cases above referred to should not apply. He specifically requested the trial judge to charge the jury to that effect.

Defendant's prayers were clearly contrary to the opinion of this Court in the *Teitsworth* case and the long line of decisions in this State cited therein. As the trial judge in this case so aptly said in his memorandum opinion denying defendant's motion for a new trial:

"The measure of damages recognized in this State in cases of this character is the value of the vehicle damaged immediately before the accident and its value immediately after the accident."

The trial judge was entirely correct in refusing defendant's prayers.

Defendant objected to the failure of the trial judge to charge the jury as to the "effect of the repair bills". This poses another question.

Defendant took an exception to the refusal of the trial judge to charge the jury, as requested, relative to the proof of damages by the production of the repair bills. He also took exception to the failure of the trial judge to charge the jury as to the "effect of the repair bills". No request for a charge on the latter point was made and no other exception taken. In disregarding the defendant's exception, the trial judge in his memorandum opinion said:

"Defendant did not submit a request for instruction to the Court pertaining to the 'effect of the repair bills'. It is difficult to determine what the defendant wished the Court to do in this regard. He does not explain. The repair bills were properly admitted and were a part of the total evidence on value considered by the jury."

We agree, generally speaking, that it is the duty of trial courts to submit all the issues affirmatively to the jury with such application of the law to the evidence as will enable the jury intelligently to perform its duty and that a prayer applicable to the facts and law of the case should not be

ignored. See *Island Express, Inc. v. Frederick*, 5 *W. W. Harr.* 569, 171 *A.* 181. We also concede that a charge should be given, as far as possible, in language which would enable the average lay mind not acquainted with technicalities of the law to understand thoroughly the subject matter upon which the charge is based. We think that it would perhaps have been better if in this case the trial judge in his charge had stated that the jury might consider the cost of repairs as incidental to its determination of the diminution in value of plaintiff's automobile.

■ We do not think that defendant's objection is properly before this Court for the reason that he failed to state distinctly the basis of his objection. In this respect defendant's objection did not comply with the provisions of Rule 51 of the Superior Court, *Del. C. Ann.* That rule, in part, provides as follows:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections."

In addition, defendant failed to advise the trial judge explicitly what further instructions he desired him to give. It is an established rule that when a party is of the opinion that the instructions given by the Court are not sufficiently explicit or that there is an omission of something which he feels should be included, he should call the attention of the Court to that fact and tender at least the substance of the further instructions which he has requested the Court to give. If he does not do this, he may not, as a general rule, complain in an appellate court of this omission. *Snyder v. Bicking*, 115 *N. J. L.* 549, 181 *A.* 161, 102 *A. L. R.* 409. See 53 *Am. Jur.*, Trial, Section 513, p. 414, ns. 4, 5, 6 & 7, and cases cited therein.

Clearly the language of defendant's objection was quite confusing to the trial judge. It is apparent from the record

that the trial judge assumed that defendant's objection related to his contention that the cost of repairs was the proper measure of damages, as to which the trial judge had correctly charged the jury. Since defendant failed to state explicitly the ground for his exception and tender a proper charge, we think that he cannot now complain that the trial judge misinterpreted the force of his objection, if such was a fact. *Johnson v. Chesapeake & Ohio Ry. Co.*, 7 *Cir.*, 227 *F.* 2d 858. See *Prettyman v. Topkis*, 9 *W. W. Harr.* 568, 3 *A.* 2d 708.

Defendant further contends that there has been a total lack of proof as to the retail value of plaintiff's automobile. He argues that the opinion given by plaintiff's witness as to the value of plaintiff's automobile immediately after the accident, namely $4,000, was not a statement of value, but a statement of the price received by the dealer for the sale of plaintiff's automobile in its damaged condition at wholesale price.

When plaintiff's witness was questioned upon cross-examination as to the retail market value of plaintiff's automobile, he testified that there was no retail market value for automobiles in a damaged condition such as plaintiff's automobile. He further stated that the only market value for such an automobile was a wholesale market and that under such conditions the price of $4,000 for which the automobile was sold represented the market price for the automobile in its damaged condition. We think that under these circumstances this testimony was acceptable as proof of the market value of plaintiff's automobile. In fact, this was the only manner open to plaintiff—absent any stipulation between the parties—in which plaintiff's damage could have been proven. *Teitsworth v. Kempski, supra.*

Defendant complains of testimony of plaintiff to the effect that he was not intending to repair his automobile but that he intended to purchase another in its place.

We do not understand defendant's objection. When this testimony was given, defendant promptly objected and his objection was sustained. Plaintiff conceded that it should be stricken from the record. Defendant now contends that the damage was done by plaintiff's continued effort to inject such testimony after defendant's objection had been sustained. He fails to point out where in the record and under what circumstances such effort was repeated by plaintiff and we have been unable from an examination of that portion of the record submitted to us in this appeal to find any such testimony. In any event, defendant has failed to show that he was prejudiced by plaintiff's testimony. The lower court found that he had not been prejudiced. As we stated in the case of *Bennett v. State, Del.*, 164 A. 2d 442, 446:

"The determination of the question as to whether or not defendant was prejudiced is a matter which lies within the discretion of the trial judge."

Defendant's contention is without merit.

Defendant complains that the verdict of the jury was excessive. He contends that the evidence at best showed that plaintiff's automobile had a value before the accident of $5,600, that after the automobile was restored, it sold for $4,800 and that the value "allowed" by the Cadillac dealer in the purchase of a new automobile was $4,421. Deducting the sum of $4,421 from the sum of $5,600, defendant arrives at a sum somewhat less than $1,200, which he contends is the most which may be found as plaintiff's damage.

The figure of $4,421 allowed plaintiff by the Cadillac dealer in the trade of plaintiff's damaged automobile for a new automobile is, of course, not a proper standard for ascertaining the value of plaintiff's automobile subsequent to the accident. *Anderson v. American Bankers Ins. Co.*, 99 *Ohio App.* 183, 132 *N. E.* 2d 256. While it is true that an expert witness called by plaintiff placed a value upon plaintiff's auto-

mobile prior to the accident of $5,600, defendant has lost sight of the fact that nineteen days prior to the date of the accident plaintiff purchased this automobile for $6,088 and that plaintiff testified that the automobile was worth that amount at the time of the accident. This testimony was properly admissible. See *Fidanque v. American Maracaibo Co.*, 33 *Del. Ch.* 262, 92 *A.* 2d 311. The only evidence as to the market value of the automobile after the accident was $4,000. Since the verdict of the jury was within the range of the figures established by plaintiff's evidence as to the value of the automobile before and after the accident, we cannot say that the verdict of the jury was excessive.

The judgment of the Superior Court will be affirmed.