Francesco DI GIOIA and Agnes Di Gioia, his wife, Plaintiffs,

v.

Alden H. SCHETROMPF, Defendant.

Superior Court of Delaware.

New Castle.

March 6, 1969.

John E. Babiarz, Jr., Wilmington, for plaintiffs.

Richard I. G. Jones, Wilmington, for defendant.

QUILLEN, Judge.

The plaintiffs have moved for a new trial on the issue of damages only.

The jury returned a verdict in favor of the plaintiff husband in the amount of $648.55. On the plaintiff wife's claim for loss of consortium, the jury found no damage and made no award. The plaintiffs challenge both of these verdicts on the basis of legal inadequacy.

In regard to the loss of consortium claim, I deny the application of the plaintiff wife. The evidence as to loss of consortium was not strong and susceptible of various conclusions by the trier of fact.

In Chavin v. Cope, 243 A.2d 694, 698–699 (Sup.Ct.1968), the jury returned an award to the plaintiff husband in the precise amount of the medical expenses incurred on behalf of the plaintiff wife and consequently rejected, insofar as recoverable damage was concerned, the uncontradicted testimony offered by the plaintiff husband as to loss of consortium. The Superior Court denied the motion of the plaintiff husband for a new trial and the Supreme Court found such denial was not an abuse of discretion.

■ In the case at Bar, I find that the jury could reasonably conclude that the loss of consortium, if any, suffered by the plaintiff wife was not sufficiently important to merit compensation.

Turning to the motion of the plaintiff husband, it should be noted that the verdict in his favor, $648.55, was in the precise amount of his evidence of special damages, that is, medical expenses $318.55, loss of wages $165.00, and property damage $165.00. The plaintiff husband argues that the jury could not disregard entirely pain and suffering in view of the award in his favor, including medical expenses and loss of wages, and in view of the evidence. It is apparent that the jury felt that the pain and suffering was minimal and not worthy of compensation.

■ Preliminarily, it should be noted that this Court interferes with the verdict of the jury only with great reluctance. Our Judges have expressed great concern over the effect of such interferences on the essential position trial juries occupy in our judicial system. Taylor v. Riggin, 1 Terry 149, 7 A.2d 903 (Super.Ct.1939); Lacey v. Beck, 2 Storey 526, 161 A.2d 579 (Super. Ct.1960). In Burns v. Delaware Coca-Cola Bottling Company, 224 A.2d 255 (Del.Super.Ct.1966), this Court reviewed at some length its understanding as to the Court's function in reviewing verdicts claimed to be excessive. The Court concluded in the Burns case that the law of this State permits the Court to set aside jury verdicts as excessive based on the amount of the award and the implications from that amount alone.

■ The same considerations and conclusion apply when the jury award is attacked as grossly inadequate or inadequate as a matter of law. As this Court said in Fulmele v. Forrest, 4 Boyce 155, 86 A. 733, 736 (Super.Ct.1913):

"Where a verdict is grossly inadequate, or, as in this case, is merely nominal, and it manifestly appears that the plaintiff is entitled to substantial damages, the same legal principles govern, in an application for a new trial, as where the damages awarded are grossly excessive. But a verdict should not be set aside for inadequacy where the facts and attending circumstances relied upon for a recovery of substantial damages are not clear and undisputed."

See also Rudnick v. Jacobs, 7 W.W.Harr. 348, 183 A. 508 (Super.Ct.1936), aff'd 9 W.W.Harr. 169, 197 A. 381 (Sup.Ct.1938);

Campbell v. Brandenburger, 5 W.W.Harr. 203, 162 A. 354 (Super.Ct.1932); Prettyman v. Waples, 4 Har. 299 (Super.Ct.1845); State v. Layton, 3 Har. 469 (Super.Ct. 1842); 1 Wooley on Delaware Practice § 736.

■ In the case at Bar, accepting the jury's verdict as to the medical specials and loss of wages and viewing the balance of the evidence most favorably for the defendant, I find as a matter of law that the plaintiff husband necessarily proved some pain and suffering in more than a nominal amount. Cf. Rudnick v. Jacobs, *supra*, 197 A. 382. The verdict must therefore be set aside.

■ An additional question, perhaps raised on the Court's initiative, and perhaps raised inherently by the plaintiff's motion, arose in the process of considering the motion of the plaintiff husband for a new trial on damages only. Should the new trial be granted as to damages only or should it include liability as well? The Court gave the parties notice of this matter and an opportunity to be heard. Civil Rule 59(d), Del.C.Ann. The Court feels a complete new trial on both liability and damages should be ordered. It is true that the case did not involve any complex factual question. But the Court feels a complete new trial is desirable as a matter of fairness. The defendant's case depends upon the close relationship between the alleged negligence, the force of the impact, and the questionable extent of the injury allegedly caused by the accident. The isolation of the damage issue from the closely related liability issue could result in a failure of the new jury to focus fully on the factual contentions of the defendant.

As to the claim of the plaintiff wife for loss of consortium, the motion for a new trial is denied. It is so ordered.

As to the claim of the plaintiff husband, a new trial is directed on both the liability and damage issues. It is so ordered.