John J. SZEWCZYK and Marie P. Szewczyk, Plaintiffs below, Appellants,

v.

Carl DOUBET, Defendant below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 14, 1975.

Decided March 3, 1976.

Rehearing Denied March 18, 1976.

Frank J. Gentile, Jr., Wilmington, for plaintiffs below, appellants.

Richard W. Pell of Tybout & Redfearn, Wilmington, for defendant below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

McNEILLY, Justice (for the majority):

In this automobile negligence case, plaintiffs appeal from a Superior Court jury's verdict against them, and raise six arguments which we consider *seriatum.*

## I

On the night of the accident, John J. Szewczyk had stopped his car at an intersection with Kirkwood Highway, a four-lane divided highway. After looking to his left where he saw headlights approaching in the distance, he proceeded into the median cross-over separating the four lanes of the highway, and stopped for the oncoming traffic to his right. While stopped there, his car was struck in the left rear by a car in the lane nearest the median strip driven by defendant, Carl Doubet.

Plaintiffs John Szewczyk and his wife, who was a passenger, contend that their car was entirely within the cross-over and did not encroach upon either lane of travel to their right or left. The investigating police officer acknowledged that plaintiff's car could fit within the cross-over but believed that it projected into defendant's lane of travel because, in his opinion, the point of impact occurred at a point two to three feet within that lane.

The Trial Court directed a verdict against defendant as to his negligence and submitted the case to the jury on the issues of contributory negligence and damages.

The jury found John Szewczyk contributorily negligent and determined that his wife had sustained no compensable damages.

## II

Plaintiffs argue that the critical testimony of the investigating police officer was improperly admitted because he was not an "accident reconstruction expert", because his opinion was based, in part, on information he had gathered from witnesses, and, alternatively, because expert testimony on this subject is inappropriate under the rule of *Wagner v. Shanks,* Del. Supr., 194 A.2d 701 (1963).

■ It has long been the practice in the trial courts of this state to permit police officers, trained and experienced in accident investigations, to qualify as experts and give opinion testimony as to point of impact based on the physical evidence observed, such as marks on the highway, location of damage to the vehicles, location of debris, and measurements made of the vehicles and scene; it is then for the jury to weigh that testimony and accept or reject it in the same manner as all other evidence in the case.

■ The investigating officer need not be an "accident reconstruction expert" as would require highly specialized and extensive training and engineering skill; by demonstrating his accident investigative training and experience, he qualifies as an expert simply by being more skillful in the field than his fellow men not so trained or experienced. The opinion then given does not invade the province of the jury but rather aids the jury in drawing correct inferences from the physical facts as they were observed to be within a reasonable time after the accident. Accordingly, the expert testimony rule of *Wagner v. Shanks, supra,* is inapposite.[1]

1. In *Wagner v. Shanks, supra,* this Court stated:
 "We have always held that where facts are in evidence from which the jury may draw its own conclusions, it is inappropriate to present evidence from experts on such issues. This is a sound rule. It is designed to prevent litigants from invading

Finally, the officer's opinion in this case was not based in any way on statements made to him by other persons; when asked how he fixed the point of impact at two or three feet inside the left hand lane, he responded:

"There was droppings on the road; there was dirt from the undercarriage of the vehicle. This dirt is usually associated around the wheel well. The glass was scattered in such a manner that it would indicate the impact did in fact take place there. There was glass in the crossover; however, the majority of it was outside, in the passing lane. But the primary thing was the dirt droppings from the wheel well."

We find no abuse of discretion in admitting his opinion testimony.

### III

On the issue of contributory negligence, plaintiffs contend that their motion for a directed verdict should have been granted on the basis of 21 Del.C. § 4131(a) [2], and that the Trial Court erroneously instructed the jury as to 21 Del.C. §§ 4164(c) [3] and 4179(a)(3) [4] and on the duty of lookout. These contentions are without merit.

This court has held that right-of-way statutes such as 21 Del.C. § 4131(a) do not supersede the duty to maintain a proper lookout, *Wooten v. Kiger*, Del.Supr., 226 A.2d 238 (1967); and, in any event, because defendant was traveling on Kirk-wood Highway, which is a through highway (see *Williams v. Chittick*, Del.Supr., 1 Storey 122, 51 Del. 122, 139 A.2d 375 (1958); *Stearrett v. Syva*, Del.Super., 285 A.2d 816 (1971), the provisions of § 4131(a) have no applicability by virtue of subsection (c) of that section.

### IV

Plaintiffs argue that the Trial Court, having charged the jury as to contributory negligence, also should have instructed as to last clear chance. The record reveals, however, that last clear chance was not raised in the pleadings, nor was a proper request for an appropriate instruction ever submitted. Under these circumstances, plaintiffs cannot now complain of the alleged omission. *Alber v. Wise*, Del.Supr., 3 Storey 126, 53 Del. 126, 166 A.2d 141 (1960); *Leedom v. Pennsylvania R. Co.*, Del.Supr., 3 Terry 186, 42 Del. 186, 29 A.2d 171 (1942); also see *Pfeifer v. Johnson Motor Lines*, Del.Super., 8 Terry 191, 47 Del. 191, 89 A.2d 154 (1952).

### V

Plaintiffs argue that the verdict should be set aside because it is irregular, incomplete and incongruous.

the province of the jury by presenting experts who state conclusions of fact which the jury alone should determine. (Citations omitted)." 194 A.2d at 706.

2. 21 Del.C. § 4131 provides in its pertinent part:
(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.
 * * * * *
(c) The right-of-way rules declared in subsections (a) and (b) of this section are modified at through highways and otherwise as stated in this chapter.

3. 21 Del.C. § 4164(c) provides:
"The operator of any vehicle who has come to a full stop as provided in subsection (b) of this section shall not enter into, upon or across such highway or street until such movement can be made in safety."

4. 21 Del.C. § 4179(a)(3) (formerly § 4178(a)(3) provides:
"No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic-control device, in any of the following places:
 * * * * *
Within an intersection."

Admittedly, the form in which the foreman delivered the verdict was somewhat irregular:

"We, the Jury, agree that Mr. John Szewczyk is guilty of contemporary negligence. We also agree that his wife, Mrs. John Szewczyk, should not receive any compensation."

Nevertheless, it is clear from the Court's questioning of the jury and from the results of the poll conducted at plaintiffs' request, that the foreman's error in reading "contemporary" instead of "contributory" was simply inadvertent; that the jury sufficiently understood the concept of contributory negligence, and that the verdict was intended to be and was, in fact, a complete and congruent disposition of the issues.

### VI

Plaintiffs finally argue that the Court below should have granted a new trial because the verdict denying damages to Mrs. Szewczyk is one "which should shock the conscience of the Court."

The record reflects a great deal of testimony by the plaintiffs, including the introduction of Mrs. Szewczyk's "pain diary", and medical opinion by several doctors, relating to allegedly severe neck and shoulder pain for which she underwent extensive therapy. However, considerable doubt was cast upon the credibility of the diary and testimony; furthermore, the doctors agreed that their opinions were based only on her subjective complaints which were not supported by any objective symptoms, and for those reasons a new trial was denied.

■ Where this Court reviews a discretionary ruling of a trial judge, including denial of a new trial, that ruling will not be disturbed unless it was clearly based on unreasonable or capricious grounds. *Chavin v. Cope,* Del.Supr., 243 A.2d 694 (1968). We find nothing unreasonable or capricious about the ruling below which

was justified by the record and settled law. *DeBernard v. Reed,* Del.Supr., 277 A.2d 684 (1971); *Chavin v. Cope, supra.*

■ Nevertheless, plaintiffs argue that the record unequivocally establishes that Mrs. Szewczyk sustained a swollen finger and various bruises, including a permanent bruise on her cheek, and that these injuries are all *objective* indicia of some pain and suffering. However, the jury in its province apparently concluded that these injuries were minimal and not worthy of compensation, *Di Gioia v. Schetromph,* Del. Super., 251 A.2d 569 (1969); and, in any event, the jury was free to reject in its entirety plaintiffs' testimony as to pain and suffering resulting therefrom. *Chavin v. Cope, supra.* Accordingly, there was no abuse of discretion in denying a new trial.

\* \* \* \* \* \*

Affirmed.

---

DUFFY, Justice (concurring in part and dissenting in part):

I agree with the Court's opinion except the part thereof which affirms the judgment against plaintiff Marie P. Szewczyk. In my view there was plain error in the Superior Court's disposition of her claim which, in justice, should be corrected by this Court. Compare *McCloskey v. McKelvey,* Del.Super., 4 Storey 107, 54 Del. 107, 174 A.2d 691 (1961).

The significant aspects of Mrs. Szewczyk's claim are undisputed: she was a passenger in her husband's car, any negligence on his part is not imputed to her and she is not charged with negligence of any kind. In a word, she is free of negligence but the drivers are not. On the contrary, it has been determined that the negligence of each driver proximately caused the accident: The Superior Court concluded as a matter of law that defendant was "negligent and that this negligence was a proximate cause of the accident" (a ruling not challenged on appeal); and

the jury found plaintiff, John P. Szewczyk, guilty of contributory negligence.

On this state of affairs, the issue as to Mrs. Szewczyk's claim is whether she sustained any injuries as a result of the accident. And as to these, it seems clear that Mrs. Szewczyk proved *some* injuries. Thus Dr. Robert Smith testified to the arm and face bruises, the swelling and the soreness referred to in the majority opinion (and which is undisputed). I agree that these may be minimal and that the more serious aspects of her claim are disputed. But she did produce evidence of permanent injury. Thus Dr. Theodore Strange, an orthopedic specialist, testified that in his opinion Mrs. Szewczyk "has a permanent problem there. . . . [T]he probability is that it will stay the same. By the same token, it could certainly become worse."

In charging the jury the Trial Judge did not fairly identify Mrs. Szewczyk's status as a passenger and the rules of law applicable to her claim. The jury was not told, for example, that her claim for personal injuries was independent of her husband's, that negligence was not charged to her, that any negligence on her husband's part was not imputed to her, that she was entitled to a verdict against defendant for any injuries she received which were proximately caused by his negligence—no matter what the verdict as to her husband's claim. To the extent that such issue is determined against defendant, plaintiff is entitled to a monetary judgment. Cf. *Di Gioia v. Schetrompf,* Del.Super., 251 A.2d 569 (1969). I do not understand that *Chavin v. Cope,* Del.Supr., 243 A.2d 694 (1968), involving a claim for loss of consortium, holds otherwise.

The majority opinion states that the jury "determined that . . . [Mrs. Szewczyk] had sustained no compensable damages." To be precise, the Foreman of the jury stated that "We also agree that his wife, Mrs. John Szewczyk, should not receive any compensation." I agree that the Foreman's statement may mean that Mrs. Szewczyk was not awarded compensation because her claim was based largely on subjective complaints. But we do not know that. At best, the verdict was ambiguous and, at worst, it was returned after the Trial Court failed to fairly explain to the jury its options and duties under the evidence.

\* \* \* \* \* \*

I would order a new trial as to Mrs. Szewczyk's claim.