# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted: May 15, 2020
Date Decided: July 2, 2020

Stephen B. Brauerman, Esquire
Elizabeth A. Powers, Esquire
600 North King Street, Suite 400
Wilmington, Delaware 19801

Robert Mahoney
Saleem Mawji
Norris Mclaughlin, P.A.
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807

Kelly A. Green, Esquire
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, Delaware 19801

Jeffrey Gans, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036-3006

RE: *Facchina Construction Litigations*
Civil Action No. N17C-09-163 PRW CCLD (Consolidated)

Dear Counsel:

This Letter Order addresses the Defendants' ICATech and Empresas' (together "ICATech") pending Motion to Strike and for Further Relief (D.I. 170). For the reasons set forth briefly below, that Motion is **GRANTED IN PART, and DENIED IN PART.**

## FACTUAL AND PROCEDURAL BACKGROUND

This matter is in the post-trial, pre-verdict phase and is the consolidation of two separate litigations. The current motion to strike is truly centered around an exhibit relevant to the first of those two cases. So the Court will not recount the entirety of the pending claims, counterclaims, defenses, affirmative defenses, etc., in this consolidated matter.

- ### THE FIRST ACTION - BROUGHT BY PAUL V. FACCHINA, SR.

The first case, *Paul V. Facchina, Sr. v. ICATech Corporation and Empresas ICA, S.A.B. DE C.V.*, was filed in September 2017. It involves Paul V. Facchina, Sr.'s ("Mr. Facchina") sale of his (various construction companies ("Facchina Companies") to ICATech with Empresas as ICATech's guarantor. ICATech is a Florida-based subsidiary of Empresas, a Mexican company.

Mr. Facchina has alleged that the subject June 2013 Purchase Agreement projected that he would earn $35-40 million over the ensuing three to five years.[1] This figure represents about 40% of the consideration Mr. Facchina would receive from the sale.[2] Additionally, ICATech would fund an Escrow Account with Wells

---

[1]    Seller Representative Facchina's Complaint (D.I. 1) ¶ 1.

[2]    *Id.*

Fargo, N.A. with $3.5 million for "payment of any outstanding indemnifications claims."[3]   Both Mr. Facchina and ICATech have requested the escrow funds; however, Wells Fargo will not release the funds without a court judgment or the parties' consent.[4]   Furthermore, $2.25 million was withheld "as part of the final working capital adjustments from the case that [Mr. Facchina] received at closing."[5]

Finally, Mr. Facchina alleges that ICATech has only paid $4,352,491, $3.5 million of which went to the Escrow Account and $852,491 went to Mr. Facchina, as opposed to the $35-40 anticipated in the Purchase Agreement.[6]   Mr. Facchina claims to have contacted ICATech multiple times between 2015-2017 about the status of the Facchina Companies and the Earn-Out Payments, but has received no response.[7]   After not receiving a response, Mr. Facchina demanded an Acceleration

---

[3]   *Id.* at ¶ 2 and 28.

[4]   *Id.* at ¶ 35.

[5]   *Id.* at ¶ 30.

[6]   *Id.* at ¶ 40-41.

[7]   *Id.* at ¶ 44-45.

Payment of $30,647,509 by September 5, 2017.[8]  ICATech did not respond to the request.[9]

Mr. Facchina's claims include:  (1) a Breach of Contract claim against ICATech;[10] (2) a Legal Fraud claim against both ICATech and Empresas;[11] (3) an Equitable Fraud claim against both ICATech and Empresas;[12] (4) a claim that ICATech and Empresas violated the Delaware Fraudulent Conveyance Act;[13] (5) a Breach of Implied Covenant of Good Faith and Fair Dealing claim against ICATech and Empresas;[14] and (6) an Enforcement of Guaranty claim against Empresas, as the parental guarantor.[15]

---

[8]  *Id.* at ¶ 50.

[9]  *Id.* at ¶ 51.

[10]  *Id.* at ¶ 55-56.

[11]  *Id.* at ¶ 57 (citing *Id.* at ¶ 40-51).

[12]  *Id.* at ¶ 59-60.

[13]  *Id.* at ¶ 61, 68.

[14]  *Id.* at ¶ 70-73.

[15]  *Id.* at ¶ 74-76.

In addition to rights to the $3.5 million Escrow Account and $30,647,509 payment, Mr. Facchina requests compensatory and punitive damages against ICATech and Empresas, pre-judgment interest, attorney fees and costs, and any other relief as the court deems just and proper.[16]

In Answer, Defendants raised several affirmative defenses and brought a counterclaim accusing Mr. Facchina of fraud. They say he made fraudulent statements as to the projected value of upcoming projects of the Facchina Companies to induce Defendants to agree to the Purchase Agreements. Specifically, the counterclaim points to The Grove at Grand Bay project (a large Florida construction project) as one that Mr. Facchina allegedly had knowledge would face challenges, but did not disclose those challenges to Defendants. Among other judgments, Defendants are seeking an amount of $26 million from Mr. Facchina.[17]

At issue here is the Mr. Facchina's citation to an April 4, 2019 affidavit of Witness Jesus Vazquez in his post-trial reply brief.[18] That affidavit's contents and alleged relevance go to activity related The Grove project.

---

[16]   *Id.* at ¶ E-I.

[17]   Def. Answer and Counterclaim (D.I. 7) at 8-11.

[18]   D.I. 166, at 9.

Mr. Vazquez's affidavit was, during summary judgment proceedings, attached to Defendants ICATech and Empresas' Brief in Opposition to Mr. Facchiana's Motion for Partial Summary Judgment.[19]  And pretrial ICATech suggested it be designated as Joint Exhibit 507.

As ordered, each party lodged its pretrial objections to the exhibits proffered by the others.  Mr. Facchina objected to ICATech's trial use of Joint Exhibit 507 by asserting that it was inadmissible hearsay.  ICATech conceded that Joint Exhibit 507 was inadmissible hearsay.  And so ICATech did not introduce Joint Exhibit 507 at trial, understood it could not use it in post-trial briefing, and did not use it in any way thereafter.

Yet, notwithstanding his earlier objection to its admission, Mr. Facchina cited to the Vazquez affidavit in Section II (A)(1) of his own post-trial reply brief. That reference reads as follows:

> There is no credible evidence that Facchina of Florida ("FOF") had an operational policy that it would not – without exception – subcontract concrete work to more than one entity or that Vazquez violated a directive regarding subcontracting concrete in packages. (See SR PostTrial Ans. Br. ¶¶ 13, 14.)  In fact, ICATech/Empresas' ever evolving fraud theory directly contradicts Vazquez's affidavit previously submitted to the Court by ICATech/Empresas, which states that he never deliberately disobeyed any instruction given to

---

[19]  D.I. 81

> him by Mr. Facchina or Charles McPherson. (See 4/4/19 Affidavit of Jesus R. Vazquez [Trans. ID 63136243].)[20]

ICATech has filed the present motion to strike asking the Court "to enter an order striking section II (A)(1) of Mr. Facchina's reply brief and granting ICATech five business days to file a short (not more than 750 words) surreply responding to the argument based on evidence not admitted at trial."[21]

Mr. Facchina counters that "[t]he Affidavit was not referenced for the truth of the matter asserted therein, nor as a trial exhibit, nor as part of the trial record. It was referenced only to demonstrate how the allegations underlying ICATech's fraud theory have changed."[22] He says he "reference[d] the Affidavit simply to highlight the difference between ICATech's summary judgment and post-trial arguments."[23] And he complains that "in no fewer than twenty instances throughout its three sets of post-trial briefs, ICATech cites directly from [Mr. Facchina]'s summary judgment briefs (using the docket transaction numbers), as if they were evidence and part of

---

[20] D.I. 166, at 9.

[21] D.I. 166, at 9.

[22] D.I. 174, at ¶3.

[23] *Id.* at ¶5.

the trial record."[24] Thus, he has objected to what he believes are the numerous errant citations in ICATech's post-trial briefing that reference the summary judgment pleadings.[25]

## LEGAL ANALYSIS

No doubt, the parties well understood when the trial recessed that the main purpose of the post-trial briefing here was to act as the parties' closing arguments. And, no doubt, the rules of engagement for closing arguments and post-trial briefing in Delaware trial courts are expected to be honored by counsel and enforced by the judge without fail.[26]

Under those rules, evidence that is not part of the trial record should not be argued in closing or cited in post-trial briefing.[27] Mr. Facchina posits that he referred

---

[24] *Id.* at ¶6.

[25] *Id.* at ¶7 ("As argued in [Mr. Facchina]'s Post-Trial Answering Brief, statements made in summary judgment briefs are not evidentiary admissions. (See Seller Representative's Answering Post-Trial Brief at 38-40).").

[26] *See, e.g., Baker v. State*, 906 A.2d 139, 151 (Del. 2006) (During closing argument in a criminal trial "judges have a continuing duty to intervene *sua sponte*, even in the absence of defense counsel's objection, when a trial prosecutor steps out of bounds.").

[27] *See generally Joseph v. Monroe*, 419 A.2d 927, 930 (Del. 1980) ("[W]e agree, of course, that it is improper for counsel to comment on the credibility of witnesses from personal knowledge *or from evidence not on the record.*) (emphasis added); *Spence v. State*, 129 A.3d 212, 223 (Del. 2015) ("While prosecutors are given latitude in making closing arguments, his or her comments must be limited to properly admitted evidence and any

to Mr. Vasquez's affidavit that had been submitted only earlier in the case during summary judgment proceedings "not for the truth of the matter asserted therein" but merely to demonstrate the evolution of ICATech's arguments throughout the lawsuits. But in doing so, he expressly asks the Court to examine the substance of affirmative statements in a now unadmitted affidavit, *i.e.*, he, in closing argument, expressly references the statements of a witness that are not in the trial record and urges the Court to consider their substance. The Court finds this any easy call under Delaware's well-established rules. That reference in Mr. Facchina's argument is improper and properly cured by excision.

Undaunted though, Mr. Facchina—by complaining that he does no worse than ICATech in its brief—seems to urge Court to apply the "invited response" or "invited reply" rule. That rule suggests that improper closing argument by one party may "open the door" to an otherwise impermissable rebuttal by the other.[28] But the invited response doctrine has been strongly criticized, if not outright rejected, by the Delaware

---

reasonable inferences or conclusions that can be drawn therefrom."); *TruePosition Inc. v. Andrew Corp.*, 2008 WL 205305, at *2 (D. Del. Jan. 23, 2008) (striking evidence cited in a post-trial brief "because it was not part of 'the factual record created at trial,'" and thus "was not permissibly included in defendant's post-trial briefing").

[28]   *Miller v. State*, 2000 WL 313484, at *3-4 (Del. Feb. 16, 2000).

Supreme Court.[29]  And the Court could rest its rejection of Mr. Facchina's invitation to excuse him on by invocation of the United States Supreme Court's simple statement on invited responset: "Clearly, two improper arguments-two apparent wrongs-do not make for a right result."[30]  However, even where our high court has indulged some resort to the invited reply rule, it has made clear that the rebutting arguments may not be otherwise "improper" comments.[31]  To be sure, Mr. Facchina's citation to a witness's statement that he affirmatively objected to and that was never admitted in the trial is improper argument.

It is well-accepted in Delaware that a party must object to an improper closing argument; it must not take such argument as license to respond improperly.[32]  Of course, such objections are only as effective as the trial judge's willingness to take appropriate corrective action.  And most often that corrective action is striking of the

---

[29]  *Id.*

[30]  *United State v. Young*, 470 U.s. 1, 11 (1985).

[31]  *See, e.g., Hooks v. State*, 416 A.2d 189, 205 (Del. 1980); *Dorman v. State*, 608 A.2d 726 (Del. 1992).

[32]  *Michael v. State*, 529 A.2d 752, 763 (Del. 1987).

offending argument—which normally takes the form of an instruction to the factfinder to disregard such.[33]

Here, Mr. Facchina did violate the well-established rule that only evidence admitted at trial should be used in closing arguments. So the Court will disregard just so much of Mr. Facchina's argument as will cure that wrong. So too, the Court will consider the like objection Mr. Facchina has properly raised to IcaTech's citation to the summary judgment briefing.

## CONCLUSION

Accordingly, the Court **GRANTS, in part,** ICATech's Motion. The Court shall strike only the offending portion of Section II (A)(1) of Mr. Facchina's post-trial reply brief,[34] reading such section now as follows:

> There is no credible evidence that Facchina of Florida ("FOF") had an operational policy that it would not – without exception – subcontract concrete work to more than one entity or that Vazquez violated a directive regarding subcontracting concrete in packages. (See SR PostTrial Ans. Br. ¶¶ 13, 14.) ~~In fact, ICATech/Empresas' ever evolving fraud theory directly contradicts Vazquez's affidavit~~

---

[33] *See Sammons v. Doctors for Emergency Services, P.A.*, 913 A.2d 519, 538-39 (Del. 2006); *Tilson v. Luthern Senior Services, Inc.*, 2010 WL 6596959, at *4-5 (Del. Super. Ct. Dec. 12, 2010); *see also Chavin v. Cope*, 243 A.2d 694, 696 (Del. 1968) ("Ordinarily, an appropriate instruction to disregard the statement is sufficient to avoid prejudice to the defendant . . . .").

[34] D.I. 166, at 9.

~~previously submitted to the Court by ICATech/Empresas, which states that he never deliberately disobeyed any instruction given to him by Mr. Facchina or Charles McPherson. (See 4/4/19 Affidavit of Jesus R. Vazquez [Trans. ID 63136243].)~~

And the Court will not consider the contents of the Mr. Vazquez's affidavit for any purpose in rendering its verdict.

During its deliberation, the Court will also remain mindful of Mr. Facchina's objection to ICATech's alleged misuse of excerpts from or statements made in the summary judgment briefing as if they were admissible trial evidence or evidentiary admissions made at trial.

The Court finds, therefore, that there is no reason for a further written post-trial submission "responding to [Mr. Facchina's] argument based on evidence not admitted at trial." So ICATech's request for leave file a surreply is **DENIED.**

The matter is now considered fully submitted for deliberation and verdict on the evidence and arguments properly presented by the parties.

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*

Paul R. Wallace, Judge

Original to Prothonotary

cc: All Counsel via File and Serve